BENTON, Appellant, v. DAVISON, Respondent.

(212 N. W. 500.)

(File No. 5630.   Opinion filed March 7, 1927.)

1.  **Vendor and Purchaser—Contracts—Covenants in Land Contract to Pay and to Convey Were Dependent Covenants Requiring Concurrent Performance.**

    Covenants in land sale contract, providing for payment in exchange for warranty deed were dependent covenants, requiring concurrent performance by parties.

2.  **Vendor and Purchaser—Tender—Under Land Contract Requiring Concurrent Performance by Both Parties, Neither Could Put Other in Default Without Tender of Performance, Unless Tender Was Waived.**

    Under land sale contract requiring concurrent performance by both parties of covenants to pay and convey, neither could put the other in default without making tender of performance, unless tender was waived by some act of the other.

3.  **Vendor and Purchaser—Rescission—By Giving Notice of Election to Rescind Before Expiration of Time Provided, Purchaser Waived Tender of Deed by Vendor.**

Under land sale contract providing for additional 10 days for payment on contract, by giving notice of his election to rescind before expiration of 10 days, purchaser waived performance of concurrent act of tendering deed on vendor's part.

4. **Vendor and Purchaser—By Failing to Put Himself in Readiness to Convey According to Contract, Vendor Lost Right to Demand Performance of Concurrent Act of Payment.**

Under land sale contract providing for concurrent acts of payment and conveyance, vendor, by failing to put himself in readiness to convey according to terms of contract, lost right to demand performance of concurrent act of payment.

5. **Vendor and Purchaser—Time—Provision for Ten Days' Additional Time for Payment in Land Sale Contract Did Not Defeat Provision that Time Was Essence of Contract.**

Provision in land sale contract for 10 days' additional time for payment did not defeat provision that time was essence of contract, but it simply deferred for 10 days time of exacting performance.

6. **Vendor and Purchaser—Where Purchaser Contracted for Clear Title to Be Delivered at Certain Time and Made Time Essence of Contract, He Was Entitled to Title at That Time.**

Where purchaser, in land sale contract, contracted for clear title to be delivered at certain time, and made time essence of contract, he was entitled to clear title at time specified.

7. **Vendor and Purchaser—Under Contract Requiring Concurrent Performance, Where Vendor Was Not Ready to Convey at Time Specified, and Purchaser Repudiated Contract, Contract Was Abandoned.**

Where land sale contract required concurrent performance by parties of acts of payment and conveyance, and vendor was not ready to convey at time specified, and purchaser repudiated contract by attempt to rescind, contract had to be treated as abandoned.

Note.—See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 76, 39 Cyc. 1334; (2) Vendor and purchaser, Key-Nos. 148, 170, 39 Cyc. 1307, 1537, 1553; (3) Vendor and purchaser, Key-No. 148, 39 Cyc. 1542, 1543; (4) Vendor and purchaser, Key-No. 42, 39 Cyc. 1562; (5) Vendor and purchaser, Key-No. 78, 39 Cyc. 1340; (6) Vendor and purchaser, Key-No. 144(2), 39 Cyc. 1340, 1553 (Anno.); (7) Vendor and purchaser, Key-No. 142, 39 Cyc. 1354, 1522.

As to ability of vendor to perform as a condition precedent to his right to rescind or declare forfeiture, see annotation in 3 L. R. A. (N. S.) 103; 27 R. C. L. 456.

Appeal from Circuit Court, Gregory County; HON. JOHN G. BARTINE, Judge.

Action to recover sums paid under land sale contract by Hurlbert James Benton against W. A. Davison, in which defendant counterclaimed for forfeiture of contract. From the judgment and from an order denying a new trial, plaintiff appeals. Reversed and remanded, with directions.

*Genung & Genung,* of Glenwood, Iowa, and *E. O. Patterson,* for Appellant.

*Charles A. Davis,* of Burke, for Respondent.

MORIARTY, C. The appellant, Hurlbert James Benton, began this action to recover certain sums paid to the respondent under the terms of a land sale contract. In his complaint he alleges that the respondent has failed to perform according to the terms of the contract, and that by such default on respondent's part appellant became entitled to rescind the contract and recover the payments made thereon.

Respondent denies that there has been any default on his part, and alleges that appellant has defaulted in making the payments required by the terms of the contract, and that such default entitles the respondent to a strict foreclosure.

There is no dispute as to the facts.

On February 28, 1920, appellant and his brother, Josiah Henry Benton, entered into a contract with the respondent, whereby the respondent, W. A. Davison, agreed to convey to the Bentons certain land in Gregory county, S. D. Josiah Henry Benton has assigned to the appellant all his interest in the contract.

The written contract provides for the payment of a purchase price of $80 per acre, $2,000 to be paid in cash at the execution of the contract, $10,000 on the 25th of September, 1920, and the balance to be settled on March 1, 1921, by giving notes for $35,000, secured by a mortgage on the land, and paying the remainder in cash at that time, in exchange for a warranty deed to the land conveying good title free from incumbrances. The writing declares time to be of the essence of the contract, and it provides for forfeiture of the rights of the Bentons in case of default in the making of any payment of principal or interest at the time provided therefor. But the contract contains the further provision

that: "It is further agreed that ten days shall be given on all payments except on the payment of $10,000 on the 25th day of September, 1920."

The Bentons made the $2,000 payment at the execution of the contract, and the $10,000 payment on September 25, 1920.

On March 1, 1921, the parties met at the bank, where settlement was to be made. Davison had abstracts showing good title in himself, but subject to certain mortgages not yet due and to the unpaid 1920 taxes. Benton had notes and mortgages for $35,000 executed on forms furnished by Davison. He also had what he terms a letter for credit for $20,000, issued by an Iowa bank, and which the cashier of the bank where the settlement was to be made said that he would accept as cash. The remainder over $20,000 was small, and Benton said he was prepared to pay the remainder in cash.

Davison had no satisfactions of the mortgages, and made no showing that he had arranged for any. He said that if Benton would pay over the money he would wire to Lincoln, Neb., and try to get satisfactions "over the wire." Benton refused to make payment on those terms, but said he was ready to pay the amount due upon delivery of warranty deed showing that the title was free of incumbrances. Nothing further was done in the matter at that time. Benton made no tender of money, and Davison made no tender of deed.

Immediately after this meeting of the parties, and on the same day, Benton sent to Davison by registered mail a written notice that he surrendered possession of the lands described in the contract and demanded a return of the money paid on the contract, such claim of the right to rescind and recover payments being based upon Davison's alleged failure to deliver title according to terms of the contract.

Neither party did anything further in the matter during the ten-day period following March 1, 1921, or thereafter, until the commencement of this action. The trial court made findings to the effect that there was no default on the part of Davison, and that Benton had defaulted in the matter of making the payment to be made on March 1, 1921. On this finding, and conclusions based thereon, the trial court entered judgment requiring Benton to pay within 60 days the sum of $20,200, with interest at 7 per cent

from March 1, 1921, such payment to be made to the clerk of the court, as trustee, and said trustee to expend therefrom so much as may be required to satisfy mortgages and taxes incumbering the land, and to pay the remainder to Davison on the delivery of a warranty deed conveying the land to Benton. In default of such payment by Benton within said period of 60 days Benton is to forfeit the payments made by him and to be foreclosed of any interest in the land.

From this judgment, and from an order denying a new trial, this appeal is taken.

The sole question presented upon this appeal is whether there was a default on the part of either of the parties, and, if so, which party was in default.

[1] The contract is one providing for dependent covenants requiring concurrent performance by the parties. Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555; Saunders v. Erickson, 45 S. D. 500, 189 N. W. 116; Ontjes v. Thomas, 45 S. D. 425, 187 N. W. 726.

[2] The contract requiring performance by both parties by concurrent acts neither could put the other in default without making tender of performance, unless tender was waived by some act of the other.

[3, 4] The provision for giving ten days' time for the payment extended the time for Benton's benefit for ten days after March 1st. It also extended for the same period Davison's time for performing the concurrent act of tendering title. By giving notice of his election to rescind before the expiration of the ten days, Benton waived any tender on Davison's part. By failing to put himself in readiness to convey according to the terms of the contract, Davison lost his right to demand performance of the concurrent act of payment.

[5] The provision for ten days' additional time does not defeat the provision that time is the essence of the contract. It simply defers for ten days the time of exacting performance. Davison could not put Benton in default without being ready to perform. There is no showing that he was ready to perform. The case was not tried to the lower court until April, 1923, more than two years after the date fixed for the delivery of the deed which was to convey title free from incumbrance. Even at that

time respondent had made no arrangement for the release of the mortgages.

By its judgment the trial court says that the appellant must either lose the $12,000 which he paid upon the contract or he must pay the full balance of the purchase price, with interest at 7 per cent to date of payment, and must wait the result of negotiations to clear the title with his money, and further await the pleasure of respondent in making the conveyance. This is not in accordance with the contract. By such judgment the court makes a new contract for the parties.

[6] We are not justified in assuming that appellant was buying this land to hold as a permanent investment, and that a title perfected in the future would serve his purpose as well as one which was perfect at the time fixed for delivery. By making time of the essence of the contract appellant preserved a substantial right, and he is entitled to the protection of that right. The ability to transfer title promptly may be of vast importance in times of brisk land movements, and where a purchaser contracts for a clear title to be delivered at a certain time, and makes time of the essence, he is entitled to exactly what he contracts for.

In the instant case respondent failed to put appellant in default by failing to be ready to perform. Appellant repudiated the contract by his attempt to rescind.

[7] Under such circumstances the contract must be treated as abandoned. The instant case is brought within the rule applied by this court in Bates v. Smith, 48 S. D. 602, 205 N. W. 661, and the parties should be remanded to their remedies at law.

The judgment and order appealed from are reversed and the case is remanded, with the direction that the action be dismissed.

No costs will be taxed in this court.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.

BURCH, J., not sitting.