Argued May 29; reversed June 26, 1945

## SCOBEY *v.* SWARTZ

(160 P. (2d) 280)

Before ROSSMAN, Acting Chief Justice, and KELLY, BAILEY, LUSK, BRAND and HAY, Justices.

*Elton Watkins,* of Portland, for appellant.

*W. L. Cooper,* of Portland, for respondent.

KELLY, J.

Reversed and remanded.

Suit by vendor, plaintiff, to rescind an agreement for the sale of real property in Multnomah County, Oregon. Vendee, defendant, interposes a claim for damages, because of alleged fraudulent misrepresentations by vendor and prays for a dismissal of plaintiff's complaint, for judgment against plaintiff in the sum of $5,500.00 and costs and for general relief.

From a decree rescinding said agreement and also rescinding and declaring null and void a transfer from defendant to plaintiff of certain real property in Clackamas County, which constituted the initial payment upon the purchase price of said Multnomah County property, and directing a method of settling the respective claims and to the rental collected by defendant and expenditures by defendant for repairs and additions to the property in suit, defendant appeals

KELLY, J.

On May 10, 1944, plaintiff and defendant entered into a written contract whereby plaintiff agreed to sell and defendant agreed to buy certain premises in Portland, Oregon, known to this record as "property at 1814 S. W. Market St." the consideration named being $4,000.00 and it being stated in said contract that $500.00 was paid upon the execution thereof.

It is alleged in plaintiff's complaint,—"That by the terms of said contract One Hundred ($100) Dollars per month was to be paid on said contract."

There is no other allegation in plaintiff's complaint as to when the unpaid part of the purchase price should be paid. A copy of the written contract, however, is attached to plaintiff's complaint, marked exhibit A

and made a part of said complaint. By reference to this attached exhibit, we find that it recites that the unpaid part of the purchase price is to be paid at Portland, Oregon, with interest at the rate of five per cent per annum at dates and in amounts as follows:

" * * * in payments of $100.00 per month for ten months and then the interest due to be paid one half on the 11th month and one half on the 12th month; and then the payments for the following year to be the same as above stated, the first $100.00 to be paid May 10, 1944, and each month's payment thereafter to be made on the 10th of the month. After two years payments are made then the payments may be reduced to $50.00 per month until all of the principle" (principal) "and interest is paid."

By the terms of said written agreement defendant agreed to pay all of the taxes "after this date of purchase and all taxes hereafter levied against said property, and public and municipal liens which may be hereafter lawfully imposed upon said premises, all promptly and before the same or any part thereof, becomes past due," and defendant also agreed "that all buildings now erected on said premises will be kept insured in favor of the first party" (plaintiff) "against loss or damage by fire and theft in an amount not less than Four thousand & no/100 Dollars, including furnishings, in a company or companies satisfactory to first party."

It is alleged in plaintiff's complaint that "only the first One Hundred ($100) Dollars around May 10 has been paid, and no sum has been paid since said date."

It is also alleged in plaintiff's complaint,—That at the time of the entrance of said contract the defendant deeded over to the plaintiff a parcel of land

in the Benoni B. Rogers D. L. C. No. 37, Tp. 2 S. R. 1 E. of the W. M. in Clackamas County, Oregon in the form of a somewhat irregular parallelogram the southerly boundary of which runs south 52 degrees west 453.37 feet; the westerly boundary runs north 51 degrees five minutes west 194.04 feet; the northerly boundary runs north 52 degrees east 459.92 feet, and the easterly boundary runs southeasterly to the easterly end of the southerly boundary line,

> "together with a strip of land 15 feet in width extending from the most westerly corner thereof to River Road, to be used for a roadway as reserved in deed from William L. Rall et ux to Lee Newton Purcell et ux recorded July 24, 1923 in Book 171 page 289, Deed Records, and confirmed by Suit No. 24197 of Clackamas County, Oregon, and by the Supreme Court of Oregon, Volume 131 Oregon page 19."

It is also alleged in plaintiff's complaint,—

> "That also the defendant, L. Vern Swartz, described said property deeded to the plaintiff as having a right of way entrance directly on the north side of said property, 125 feet or more north of a small stream, and upon examining the record this plaintiff finds that said right of way and roadway is one hundred and twenty-five feet or about that distance from where described by the defendant, being in the middle of a small stream of water, and making it necessary to expend sums of money greater than the property is worth in order to have a property right of way or roadway entrance to said property. That said defendant knew or should have known of this condition and that said plaintiff relied upon these statements, not knowing of the true conditions then and there existing."

Nothing is alleged in plaintiff's complaint that discloses what bearing the transfer of the Clackamas

County property had upon the contract to sell the Multnomah County property.

In defendant's answer and by way of cross-complaint, among other things, it is alleged:

"About May 10, 1944, the parties hereto entered into an agreement by which plaintiff agreed to sell and defendant agreed to buy the westerly 38 feet of Lots 1 and 2, Block 1, Market Street Addition, located at 1814 S. W. Market Street, Portland, Oregon, including the furnishings therein. And contemporaneously therewith defendant deeded to plaintiff certain land owned by him located in Clackamas County, Oregon. The consideration for said deal was, to-wit: Plaintiff was to receive the sum of $4,000.00 for her property, of which sum the defendant was credited with the sum of $500.00 for his land, and his promise to pay the balance, to-wit: the sum of $3500.00 in monthly installments of the sum of $100.00, at which time the defendant paid and the plaintiff received the sum of $100.00, leaving a balance as per contract of $3400.00 to be received and to be paid respectively by plaintiff and defendant."

Plaintiff's reply, however, is as follows, title, prayer and subscription omitted, to-wit:

"Comes now the plaintiff and for Reply to the defendant's Answer and Separate Answer and Cross-complaint denies each and every paragraph of said Answer and denies each and every paragraph of said further and Separate Answer and Cross-complaint and the whole thereof except as has been specifically admitted in plaintiff's complaint."

■ In view of the denials in plaintiff's reply, we think plaintiff's complaint has not been aided by defendant's pleading in such a way as to render plain-

tiff's reference in her complaint to the transfer of the Clackamas County property a basis for rescission of the contract in suit.

This leaves but one ground for rescission, namely, the failure on the part of defendant to make monthly payments as required by the terms of the contract.

As to this ground of complaint, defendant urges that it was caused by plaintiff's fraudulent concealment of the fact that on November 16, 1943, plaintiff had entered into an agreement with the city of Portland as follows:

"Know All Men By These Presents, that whereas the City of Portland, Oregon, by Ordinance No. 76947 as amended has provided for relaxing upon certain terms, the provisions of the Housing Code and other codes and ordinances of said City during the present war emergency, and the undersigned A. E. Scobey and Belle Scobey, his wife, of Portland, Oregon are applying to have a relaxing of said provisions made applicable to the building and premises owned by them at No. 1814 S. W. Market, Portland, Oregon, particularly described as Lot W. 38′ Lots 1 and 2, Block 1, Market Street Addition, in the City of Portland, County of Multnomah, State of Oregon.

Now, Therefore, the undersigned do hereby covenant and agree to and with said City, a municipal corporation, that in consideration of a relaxing, as provided by said Ordinance No. 76947 as amended of said requirement, the owner or his successor in title to said property will, within six (6) months after the present wars against the United States are over and a declaration of peace has been made, change the building and/or its use to comply with the Housing, Building and other codes and ordinances applicable at that time to existing or new buildings, as the case may be, or that they will

cause said building or other improvements to be demolished or removed beyond the city limits and the permitted use to be discontinued, or, if the use of the building previous to the changes allowed in this article was a legal use under the then existing codes, to remodel the building or other improvement so as to restore the same to its previous use and condition. The provisions of this agreement shall be taken and applied as covenants running with the land and binding upon the undersigned, heirs, devisees and successors in title until a formal release has been given.

And we, the undersigned, further covenant and agree to and with said City that we are the owners in our own right, of said property and have full authority to execute this document and that there is no mortgage or other lien or encumbrance against the property except balance of $1,000.00 due.

The following is a memorandum of the change or changes above referred to: Alteration and use of rooming house as 7 single family, apartments, under Art. 13, Ordinance 76947, War Code.

In Witness Whereof, we have hereunto set our hands and seals this 16th day of November, A. D. 1943.

> Signed A. E. Scobey (Seal)
>
> Belle Scobey ( '' )''

The validity of the foregoing agreement between the city of Portland and Mr. and Mrs. Scobey has not been questioned by the parties hereto. It is based upon the provisions of Ordinance No. 76947 as amended. No ground has been suggested by the parties hereto for challenging the validity of the amendment which purports to relax the provisions of the Housing Code and other codes and ordinances upon conditions which are to be performed "within six (6) months

after the present wars against the United States are over and a declaration of peace has been made.''

▮ Plaintiff's disclaimer that she was aware of the nature of the agreement when she signed it, supplemented by the assertion of the Notary Public, that he has no memory of having taken plaintiff's acknowledgment and that of her husband, does not constitute a showing that plaintiff could secure a policy of title insurance or transfer of the Multnomah County property to defendant free and clear of encumbrance.

Plaintiff is not entitled to rescind such a contract for default of the purchaser, unless she is able to perform in accordance with the terms of the contract. *Ward v. James,* 84 Or. 375, 164 P. 370, 372; *Higinbotham v. Frock,* 48 Or. 129, 83 P. 536, 120 Am. St. Rep. 796; *Wells Fargo & Co. v. Page,* 48 Or. 74, 82 P. 856, 3 L. R. A. (N. S.) 103; *Sievers v. Brown,* 34 Or. 454, 56 P. 171, 45 L. R. A. 642.

Ability to perform on the part of plaintiff has neither been pleaded or proven.

▮ Plaintiff's complaint reflects a cause of action for unpaid overdue installments upon the purchase price of the property in suit, and defendant is asserting a claim for damages. These are legal demands and should be heard by a trial court sitting as a court of law.

The statute provides that no cause shall be dismissed for having been brought on the wrong side of the court. Vol. 2, O. C. L. A. Section 9-102, pp. 9 and 10.

These considerations result in the conclusion that the decree of the circuit court should be reversed; and, in the exercise of this court's discretion, this cause should be remanded for consideration as an action at law. It is so ordered.