FALDE, Appellant, v. CHADWICK, et al., Respondents

37 N. W.2d 622.)

(File No. 9034. Opinion filed May 18, 1949.)

Rehearing Denied June 17, 1949.

**W. M. Potts** and **I. F. Bormann,** Mobridge, for Plaintiff and Appellant.

**Morrison & Skaug,** Mobridge, for Defendants and Respondents.

HAYES, J.   Plaintiff brought suit under the Uniform Declaratory Judgments Law, SDC 37.01, for a judgment confirming her attempt as vendor to invoke and enforce a forfeiture of the rights of defendant Guy E Chadwick as the purchaser under a contract for the sale of residential property in the City of Mobridge.   She sought also possession of the premises and damages from defendants for their withholding possession thereof after the filing of a declaration of forfeiture as by the terms of the contract provided.

The contract is in printed form and provides that if the purchaser shall make the required payments the vendor "covenants and agrees to convey and assure" to the purchaser "in fee simple, clear of all incumbrances, whatever, by a good and sufficient Warranty Deed" the property described.   The stated consideration payable to plaintiff is $1000, $750 of which sum is required to be paid by the purchaser in twelve equal monthly installments beginning on June 15, 1947.   The contract stipulated that "the time of payment shall be an essential part" of the same.   Although the contract does not provide for possession of the premises on defendants' part, it is undisputed that they entered into possession thereof a few weeks after the agreement was formally executed and that they have continued to occupy the same.   After making initial and installment payments aggregating $375 the purchaser declined to pay the remaining ten monthly installments required by the contract.   He was informed that plaintiff's title was unmarketable and on December 19, 1947, deposited at a bank the balance due plaintiff with instructions to deliver the same to plaintiff when a marketable title to the premises was tendered by the latter.   Upon advice of counsel the purchaser refused to accept as a sufficient compliance with the terms of the contract a conveyance by warranty deed as offered by plaintiff

The contract includes an acceleration clause in case of any default by the purchaser and provides "* * * and

this Contract shall, at the option of the party of the first part, be forfeited and determined, and if this instrument shall have been recorded in any Recorder's office, then the filing of a declaration of forfeiture [setting forth the fact of said failure] in said office by said first party shall be sufficient to cancel all obligations hereunto on the part of the first part and fully re-invest her with all right, title and interest hereby agreed to be conveyed, and the party of the second part shall forfeit all payments made by him on this contract, and his right, title and interest in all buildings, fences or other improvements whatsoever, and such payments and improvements shall be retained by the said party of the first part, in full satisfaction and in liquidation of all damages by him sustained, and she shall have the right to re-enter and take possession of the premises aforesaid." Relying upon these quoted provisions, but awaiting any action thereunder until all remaining payments required by the contract became due without regard to the acceleration clause, plaintiff filed in the office of the register of deeds of Walworth County an instrument declaring the contract canceled and all payments made thereon, and improvements, if any, made upon the property, as forfeited by the purchaser and to be retained by the plaintiff as liquidated damages. From a decision and judgment denying the claimed forfeiture and dismissing plaintiff's action upon the merits this appeal ensued.

At the trial defendants were permitted to introduce testimony and proofs establishing that plaintiff's title rested upon a tax deed and that a deed as tendered by plaintiff would fail to convey to defendants a marketable title to the property. The decision of the trial court is in effect a holding that plaintiff stood in no position to assert a forfeiture due to the unmarketable condition of her title and that it would be inequitable and unjust to allow and enforce a forfeiture of the sums paid on the contract and defendants' rights thereunder. Having timely objected to the offers of defendants to discredit her title plaintiff urges that it was error for the court to have adjudged her right to a forefeiture upon the facts defendants were allowed to submit

respecting the title plaintiff tendered before bringing suit. Her counsel insists that plaintiff's contract did not require her to convey a marketable title and that defendants were bound to accept the tendered deed or lose by forfeiture their rights as purchasers under the contract. Other contentions argued in plaintiff's brief relate to the nature and character of the action instituted, the enforceability of the forfeiture clause of the contract, the effect of defendants' deposit at the bank and the marketability of plaintiff's title.

The arguments of counsel reflect disparate views respecting the character of the action chosen by plaintiff in her attempt to obtain an adjudication terminating defendants' rights under the contract, confirming a forfeiture plaintiff undertook to declare and recovering possession and damages. We are not here invited to rule upon the question whether plaintiff selected a form of action to be regarded as a proper initial step by which to obtain the relief she asks of the court. We deem it proper and sufficient to state, however, that nothing in this opinion is to be construed as support for the view that actions for declaratory judgments may be substituted for suits for rescission and cancellation, specific performance, strict foreclosure, possession of real property and damages for withholding possession and breach of contract. We determine only whether the trial court erred in denying a forfeiture and dismissing plaintiff's action.

What we regard as the question of prime and controlling import is whether plaintiff, in the light of undisputed facts, retained a right to invoke a forfeiture when she filed a declaration thereof on the 5th day of July, 1948, the date shown thereon by the filing stamp. We think that due to the condition of the title she then held plaintiff was unable to convey as required by her contract and that she therefore stood in no position to declare and enforce a forfeiture. All payments required by the contract were then due and the covenant on her part to convey by good and sufficient warranty deed had become concurrent with that on the part of the purchaser to pay for that which he was entitled to receive from his vendor, to wit: a marketable

title to the premises. The position of plaintiff's counsel that his client was not by her covenant required to convey a marketable title is untenable. Sherman v. Beam, 27 S. D. 218, 130 N. W. 442; Boekelheide v. Snyder, 71 S. D. 470, 26 N. W.2d 74; 66 C. J., Vendor and Purchaser, § 520. Being obliged to convey such a title at the time when she undertook to declare a forfeiture, plaintiff could not place the purchaser in default in the absence of an ability and readiness on her part to perform in keeping with her covenant. Evangelical Lutheran Joint Synod v. Flavin, 72 S. D. 409, 35 N. W.2d 293; Benton v. Davison, 51 S. D. 91, 212 N. W. 500; Moter v. Hershey, 48 S. D. 493, 205 N. W. 239. Cf. Higinbotham v. Frock, 48 Or. 129, 83 P. 536, 120 Am. St. Rep. 796; Scobey v. Swartz, 176 Or. 654, 160 P.2d 280; Silfvast v. Asplund, 93 Mont. 584, 20 P.2d 631; 55 Am. Jur., Vendor and Purchaser, § 632, page 1024

Judgment affirmed.

SMITH, P. J., and ROBERTS and SICKEL, JJ., concur.

RUDOLPH, J., concurs in result.