Decided 9 January, 1906.

### HIGINBOTHAM v. FROCK.

83 Pac. 536.

VENDOR AND PURCHASER—FORFEITURE OF CONTRACT TO CONVEY—RIGHT TO CANCEL WITHOUT NOTICE.

1. Under a bond for a deed providing that in case of default in any stipulated payment, the vendor may declare the bond void and repossess himself of the premises, the vendor may cancel the contract upon reasonable notice because of the vendee's default, but such a contract is not self executing, and cannot be summarily terminated by the vendor.

VENDOR AND PURCHASER—ABILITY OF VENDOR TO DECLARE FORFEITURE THOUGH HIMSELF UNABLE TO PERFORM.*

2. A vendor in a contract to convey on payment of the purchase price cannot declare a forfeiture for failure of the purchaser to pay so long as he is himself unable to perform by tendering such a title as the contract requires.

FORFEITURE NOT FAVORED IN EQUITY.

3. In a suit to cancel a bond for a deed for the fault of the obligee, equity will not declare a forfeiture.

EFFECT OF BOND FOR DEED—STRICT FORECLOSURE.

4. A bond for a deed confers on the obligee an equitable interest in the property, and a court of equity will seldom grant a strict foreclosure, but will allow a reasonable time for payment.

From Sherman: WILLIAM L. BRADSHAW, Judge.

Suit by Maggie Higinbotham and husband against Henry and Bertha Frock, resulting in a decree for defendants, from which plaintiffs appeal.    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Cornelius Jackson Bright.*

*NOTE.—On this point see *Wells* v. *Page,* 3 L. R. A. (N. S.) 103, with note collecting cases in point.    REPORTER.
(48th Or.—9)

For respondents there was a brief and an oral argument by *Mr. John Bassett Hosford.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to cancel and annul a bond for a deed. On December 20, 1902, the defendant Henry Frock purchased of the plaintiffs 160 acres of land in Sherman County for $2,500. He paid $1,200 in cash, giving his three promissory notes for the balance, due the 1st day of October, 1903, 1904 and 1905, respectively. Each note bore interest at 8 per cent, payable annually, and provided that, if the interest was not so paid, the whole sum, both principal and interest, should become immediately due and collectible at the option of the holder of the note. At the same time the plaintiffs executed and delivered to the defendant a bond for a deed, whereby they obligated themselves to convey the land to him in fee simple, by good and sufficient deed, clear of all incumbrances, except certain taxes, which bond contained a stipulation that the defendant should have immediate possession, and this further provision:

"If he shall make default in any of the above deferred payments, or shall violate any of the agreements herein contained, the said obligors [the plaintiffs] may declare this bond void and may forthwith repossess themselves of said premises."

The defendant immediately went into possession. Soon thereafter the plaintiffs assigned and transferred the promissory notes for the deferred payments to Moore Bros. as collateral security. When the first note matured, the defendant offered to pay all the notes upon the delivery to him of a deed to the premises, as stipulated in the bond. Nothing definite was done at that time, however, and in November, he paid $125 to Moore Bros. on the first note, and again requested a deed, offering at the same time to pay all the notes in full. In January, 1904, the plaintiffs redeemed the notes from Moore Bros., and on the 25th of February notified the defendant that they had elected to terminate the contract and to repossess themselves of the land because of his default in making the payments, at the same time offering to return the unpaid notes. The defendant refused to accept the notes or to relinquish his claim under the

bond.   On March 7th he tendered to plaintiffs and offered to pay the entire amount due on the purchase price, and demanded from them a deed as stipulated in the contract.   At the time of the attempted rescission by the plaintiffs the property was incumbered by mortgages to the amount of about $3,600, and they were then in no position to comply with their contract and convey the property to the defendant, free of all liens and incumbrances.   Soon thereafter this suit was brought by the plaintiffs.   In his answer the defendant pleads the tender made on March 7th, brings the amount thereof into court, and prays for a decree, requiring the plaintiffs to comply with their contract.   The defendant had a decree in his favor, and plaintiffs appeal.

1. There are several reasons why the decree of the court below should be affirmed.   In the first place, the mere failure of the defendant to make the deferred payments on the purchase price of the land did not, *ipso facto,* entail a forfeiture of his rights under the contract.   The stipulation in the bond is that, if default is made in any of the deferred payments, the obligors (the plaintiffs) may declare the bond void and repossess themselves of the premises.   This provision gave the plaintiffs power to put an end to the agreement if they elected to do so, but the mere default of the defendant did not terminate the contract or work a forfeiture of his rights, unless the plaintiffs should elect to insist upon a strict performance according to its terms, in which case they were required to give him timely and reasonable notice of their intention to cancel the contract, so he might have an opportunity to comply with its terms and make the payments: Pomeroy, Contracts (2 ed.), § 393; *O'Connor* v. *Hughes,* 35 Minn. 446 (29 N. W. 152).  "Such notice," says DICKINSON, J., in *O'Connor* v. *Hughes,* a case similar to the one at bar, "might have been given before the time named for payment, or, if not so made, notice might have been given after default, fixing a reasonable time within which payment would be required; but the rights of the purchaser under a contract not absolutely terminated cannot be extinguished by a summary declaration of forfeiture."

2. Again, the plaintiffs could not declare a forfeiture at the time they attempted to do so, because they were not then in a position to comply with the contract on their part. The property was subject to mortgages for about $3,600, and they could not convey it to the defendant in fee simple, free from all liens and incumbrances, as they had agreed to do. The rights of a vendee under a contract like the one under consideration cannot be forfeited by the vendor, although default has been made in the payments, unless he is in a position to perform his part of the agreement: 29 Am. & Eng. Enc. Law (2 ed.), 683; 2 Warvelle, Vendors (2 ed.), § 822; *Wells* v. *Page,* 48 Or. 74 (82 Pac. 856, 3 L. R. A., N. S. 103) ; *Baker* v. *Bishop Hill Colony,* 45 Ill. 264.

3. And, finally, this is a suit in equity, either to declare a forfeiture or to foreclose the defendant's equitable rights in the property. It is a familiar doctrine that a court of equity will not declare a forfeiture, but will leave a party entitled thereto to his legal remedy if any: 1 Pomeroy, Equity (3 ed.), § 459. So that plaintiffs are not entitled to relief on that ground.

4. If, on the other hand, the suit is to be treated as one for the foreclosure of defendant's interest in the property, the plaintiffs are not entitled to the relief demanded; for, having invoked the aid of a court of equity, they are bound themselves to do equity. The bond for a deed transferred to the purchaser an equitable title: *Burkhart* v. *Howard,* 14 Or. 39 (12 Pac. 79) ; *Sayre* v. *Mohney,* 30 Or. 238 (47 Pac. 197) ; *Security Sav. Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046) ; *Sievers* v. *Brown,* 34 Or. 454 (56 Pac. 171, 45 L. R. A. 642). By instituting this suit the plaintiffs recognized that defendant has some interest in the property which they desire to have forever barred and foreclosed. An application for a strict foreclosure is always addressed to the sound discretion of the court, and when enforced at all will not be done without giving the defendant a reasonable time to comply with his contract: *Security Sav. Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046) ; *Flanagan Estate* v. *Great Cent. Land Co.* 45 Or. 335 (77 Pac. 485).

The decree of the court below is affirmed.    AFFIRMED.