Argued October 10, 1930; modified and affirmed February 10, 1931

# MARQUARDT ET AL. *v.* FISHER ET AL.

## (295 P. 499)

*G. E. Hamaker,* of Portland, for appellants.

*Elisha A. Baker,* of Portland, for respondents.

RAND, J. Defendants, on October 17, 1925, contracted to purchase from plaintiffs certain real property in the city of Portland, agreeing to pay the purchase money in stated monthly instalments and also agreeing to pay all taxes that should be assessed against the land. They took possession under the contract and later defaulted, having paid less than one-fourth of the purchase price and none of the taxes. While so in default, plaintiffs brought this suit, seeking both a foreclosure of the contract and also a judgment and decree against defendants for the amount due under the contract at the commencement of the suit. After the cause had been put at issue, a trial was had and plaintiff had decree which, in effect, provided that if defendants, within thirty days after September 24, 1929, should fail to pay the amount due under the contract at the commencement of the suit, then defendants' rights under the contract should be foreclosed and a writ of assistance be issued, directing the sheriff to put plaintiffs into the immediate possession of the property, and also that plaintiffs should have judgment against defendants for the amount due under the contract at the commencement of the suit. From this decree, defendants appealed.

■ This was a suit in equity to foreclose the contract because of defendants' failure to pay the purchase money according to the terms of the contract. Plaintiffs were not seeking a specific performance of the contract but were asking to have defendants' equities under the contract foreclosed because of defendants' failure to perform the contract. Where a valid executory contract for the purchase and sale of real property is broken by the vendee's failure to pay the purchase money as stipulated in the contract, the vendor has in equity a choice of remedies. He may tender a deed and sue for the specific performanec of the contract, or he may sue for strict foreclosure of the contract. If the suit is for a specific performance of the contract, plaintiffs would be entitled to a decree requiring the vendee to pay the sums stipulated as provided in the contract, while if the suit is for a strict foreclosure and the case is such that the granting of the remedy of strict foreclosure would not be inequitable then the plaintiffs would be entitled to a decree requiring the defendants to pay the money due under the contract within such reasonable time as the court should direct, or be foreclosed of their equities in the property. If, however, the granting of the equitable relief of strict foreclosure would, for any reason, be inequitable, then it would be the duty of the court to decree that if the purchase money be not paid within the time set by the court the property should be sold and the vendor's interest be satisfied from the proceeds: *Sheehan v. McKinstry,* 105 Or. 473 (210 P. 167, 34 A. L. R. 1315). In any case where the relief sought is that of a strict foreclosure, the plaintiffs would not be entitled to have a judgment for the amount due and also at the same time have the contract strictly foreclosed. The payment of the money, whether under the compulsion of a judgment or voluntarily made, would operate to reinstate the contract and

continue it in force and thus preserve the vendee's equities under the contract, while the failure to pay the money would operate to entitle the plaintiffs to maintain a suit for strict foreclosure.

In other words, these plaintiffs were not entitled in the instant case to have both a judgment for the amount due and at the same time a foreclosure of defendants' equities under the contract. The decree should have been that if defendants should fail to pay the moneys due under the contract within the thirty-day period provided for in the decree then in that event defendants' equities under the contract should be foreclosed and determined.

■ The contract in express terms provided that the payment of the amounts falling due thereunder at the time provided in the contract should be of the essence of the contract. Prior to the commencement of the suit, defendants were in default in the payment of three monthly instalments and in the payment of taxes which had been levied against the property for three different years. Defendants contend that because of their failure to make these payments at the times provided in the contract and plaintiffs' failure to compel the defendants to pay said sums at the times provided constituted a waiver of plaintiffs' right to compel the defendants to pay said sums at all. This contention is wholly without merit.

Defendants object to an item of $2 which was included in the cost bill filed by plaintiffs and taxed against the defendants as costs and disbursements in the court below. The item was collected under and pursuant to sections 29-117 to 29-119, Oregon Code 1930. The first section provides that:

"In all counties of this state containing more than 100,000 inhabitants, it shall be the duty of the clerks of the circuit and county courts, * * * to collect

in each civil suit, action or proceeding  \*  \*  \*  as law library fees, the sum of \$2 from the plaintiff \*  \*  \*; provided, however, that no law library association shall be entitled to receive such fees unless such law library association shall permit the use of its library by all attorneys at law duly admitted to practice law in the state of Oregon, without charging any dues or fees of any character whatsoever for such use.''

■■ The second section authorizes the county court of such county to contract with any law library association or corporation owning and maintaining a law library in the county for the use of such library by the judges of its courts, county commissioners, the district attorney, and all attorneys at law duly admitted to practice law in the state of Oregon, and directs the county court to pay over the fees so collected under the first section to said library association or corporation for the use of said library. The last section provides for the payment on the first of each month of ''all the library fees collected for the preceding month, taking its receipt therefor.'' The defendants object to the imposition of this library fee as unconstitutional because they say the right to use the library is not shared in by all citizens of the county alike, and also that it imposes a burden on litigants in the nature of a tax which is not imposed for a public use. This law, or a similar one, has been in force for many years and this is the first time that the power of the legislature to enact the law has been questioned. A similar act containing like provisions was held to be constitutional in *Swann & Billups v. Kidd,* 79 Ala. 431, and again in *Birmingham Electric Co. v. Harry,* 21 Ala. App. 483 (111 So. 39). Clearly the legislature has the constitutional power to require the payment by litigants of reasonable costs and disbursements in all litigated cases and to direct that such costs and disbursements, when

collected, shall be paid over to the prevailing party, or the officers of the court, as was formerly the practice, or for any public purpose, so long as the requirement for such payment shall not be violative of the constitutional provision that "justice shall be administered openly and without purchase," as provided by article I, section 10, of the state constitution. The contention that only judges of the local courts and attorneys admitted to practice law in this state can use the library, if true, would not be an unconstitutional classification for the legislature to make, for even if the privilege was confined to them alone the public would be greatly benefited and the work of the courts would be greatly advantaged by the use of a law library available to judges and attorneys alike. The imposition of a small charge in every case brought in the circuit court of that county in order to maintain a law library for such use is for the benefit of the public and a public use as was held in the Alabama cases cited above.

For the reasons stated, the decree of the court below will be modified as follows: That part of the decree awarding judgment in favor of plaintiffs and against defendants, except for the costs and disbursements taxed against the defendants in the court below, will be vacated and set aside. In all other respects the decree appealed from will be affirmed.

BELT and KELLY, JJ., concur.