Argued March 31; affirmed April 13, 1937

ATKOCHUNAS ET AL. *v.* GUSTAFSON ET UX.

(66 P. (2d) 1192)

*Lars R. Bergsvik* and *Will H. Masters,* both of Portland (Edwin Lindstedt, of Portland, on the brief), for appellants.

*Oglesby Young,* of Portland (Frederick S. Wilhelm, of Portland, on the brief), for respondents.

RAND, J. On February 27, 1926, the plaintiffs contracted to sell and the defendants to purchase a certain designated lot and the apartment house thereon,

situated in the city of Portland; the price stipulated to be paid therefor was the sum $7,700, of which $500 was paid in cash, the balance to bear interest at the rate of 6 per cent per annum and to be paid in monthly installments of $45 each plus the interest that had accrued at the time of such payments on the unpaid balance.

The contract further provided that the defendants should have possession of the property, keep the same insured against loss by fire and pay all taxes and assessments levied against it. The contract further provided that time should be of the essence of the contract and that, in case of default in the payment of any of said installments within the time specified in the contract, or of any of the conditions of the contract, all payments theretofore made to the plaintiffs should be forfeited and that the plaintiffs should have the right to repossess themselves of the property.

A few days prior to October 25, 1935, and while the defendants were in default under the contract, they surrendered possession of the property to a third party and gave notice to plaintiffs that they would make no further payments under the contract. At said time, in addition to the amounts that would later fall due under the contract, there was then due and owing to the plaintiffs from the defendants, under the contract, the sum of $2,987.26 with interest thereon from and after the 27th day of November, 1934, and the defendants had not paid certain of the taxes which they had contracted to pay.

Thereupon and on October 25, 1935, the plaintiffs brought this suit, setting up the foregoing facts in their complaint and praying for strict foreclosure of the contract. The defendants answered, setting up as

an affirmative defense the various sums of money which they had paid to the plaintiffs under the contract and certain expenditures claimed to have been made by them in the repair and improvement of the property and the amount of taxes paid, and alleging that, by reason of bringing the suit for strict foreclosure of the contract, the plaintiffs had rescinded the contract and that they had accepted such rescission upon their part and that they were entitled to have the aggregate of said amounts decreed to be a lien against the property.

There was no dispute in the pleadings or proof as to the amounts which the defendants had paid to the plaintiffs under the contract.

The cause was tried in the court below and a decree was entered decreeing that the defendants pay to the plaintiffs the aggregate of the amounts then due and payable to the plaintiffs under the contract on or before 90 days from the date of the entry of the decree, and that, upon their failure so to do, the defendants' rights under the contract be terminated and that the plaintiffs be restored to their former estate in the premises. From this decree, the defendants have appealed.

It will thus be seen that the ultimate question presented upon this appeal is whether the bringing of this suit for strict foreclosure of the contract constitutes a rescission of the contract by the plaintiffs and entitles the defendants to treat the same as a rescission and to recover the moneys paid.

Defendants' argument in support of their contention is that, while the contract contains a time essence clause and gives to the plaintiffs for defendants' failure to perform the right to declare a forfeiture, these provi-

sions were waived by plaintiffs' acceptance of payments long after they had become due under the contract and in lesser amounts than those specified in the contract, and that, because thereof, plaintiffs had no right to rescind the contract without having first given to the defendants a reasonable notice of their intention so to do and a reasonable opportunity to pay the amounts then due under the contract.

This contention would be tenable if the plaintiffs had elected to rescind the contract and to declare a forfeiture, or, under the circumstances stated, had commenced a suit for the cancellation or rescission of the contract, or had done any other act which in law would amount to a disaffirmance of the contract upon their part. But the plaintiffs have done none of these things and, hence, the doctrine which would have been applicable in a rescission suit has no application in a suit for strict foreclosure, which is an affirmance of the contract.

█ The relief sought by strict foreclosure is that the defendants be compelled to comply with the terms of the contract and, upon their failure so to do, that their rights under it be foreclosed and barred. The bringing of a suit for strict foreclosure of a contract is no more a disaffirmance of the contract than an ordinary mortgage foreclosure case, where the relief sought is a judicial sale, would be a disaffirmance of the mortgage sought to be foreclosed. The two cases are exactly parallel in that respect and both constitute an affirmance and not a disaffirmance of the contract which the parties are seeking to enforce. The distinction which exists between an action or suit brought to cancel or rescind a contract, or where the relief sought in the action or suit, if granted, would have the effect of terminating a contract, and a suit or action brought to enforce

a contract right, which can only exist if the contract is still in force, is pointed out in 3 Black on Rescission, 2 ed., section 576, in these words:

"The institution of a suit to rescind a contract or cancel a conveyance is in itself a sufficient notice of the plaintiff's election to rescind or disaffirm the transaction, and where this course is taken, no previous notice is required. Thus, where a party files a bill to rescind a contract for the exchange of lands on the ground of fraud, consisting in the concealment of the fact that there were judgments which were liens on the defendant's lands at the time, the discharge of such liens after the filing of the bill will not affect the complainant's rights. For the institution of the suit constitutes a rescission and an election to recover back the property given in exchange, and the one party could not after that revive the contract without the other's consent. On the same principle, bringing a suit to recover back the consideration money paid under a contract, after a breach of it, is equivalent to an express disaffirmance of it, and is to be regarded as sufficient evidence of the determination of the party to treat it as rescinded. And so, in the case of a contract for the sale of land, when the vendee is in default, and the vendor brings ejectment (or other equivalent action) to recover the possession of the land, this constitutes an election to rescind the contract, and the institution of the suit is a sufficient notice of such election. And on the other hand, where a party to a contract brings suit to have it enforced, or to recover money alleged to be due under it, or to recover the price agreed to be paid, this constitutes an election on his part to affirm the contract or to treat it as still subsisting, and is sufficient notice of such election. So also, where one has the right to rescind a contract on the ground of fraud, but brings an action for damages for the alleged fraud, he thereby manifests his intention not to rescind but to treat the contract as in force."

■ It is well settled in this state that a vendor is entitled to the relief of strict foreclosure where the vendee

fails to comply with the terms of his contract in the payment of the purchase price. It was so held in the following cases: *Security Savings Co. v. Mackenzie*, 33 Or. 209 (52 P. 1046); *Sievers v. Brown*, 34 Or. 454 (56 P. 171, 45 L. R. A. 642); *Wollenberg v. Rose*, 41 Or. 314 (68 P. 804); *Flanagan Estate v. Great Cent. Land Co.*, 45 Or. 335 (77 P. 485); *Higinbotham v. Frock*, 48 Or. 129 (83 P. 536, 120 Am. St. Rep. 796); *Miles v. Hemenway*, 59 Or. 318 (111 P. 696, 117 P. 273); *Lyons v. Chaffee*, 79 Or. 485 (154 P. 688); *Cornely v. Campbell*, 95 Or. 345 (186 P. 563, 187 P. 1103); *Sheehan v. McKinstry*, 105 Or. 473 (210 P. 167, 34 A. L. R. 1315); *Anderson v. Hurlbert*, 109 Or. 284 (219 P. 1092); *Anderson v. Morse*, 110 Or. 39 (222 P. 1083); *Turnbow v. Keller*, 142 Or. 200 (12 P. (2d) 558, 19 P. (2d) 1089). In none of these decisions did the court hold that the bringing of such suit contituted a rescission of the contract or was a disaffirmance of it. Nor was it held in any of said cases that the defendant in the suit could treat the bringing of the suit as a wrongful rescission of the contract and become entitled to recover back what he had paid under the contract, as the defendants now seek to have done in the instant case.

The defendants rely upon *Johnson v. Berns*, 111 Or. 165 (209 P. 94, 224 P. 624, 225 P. 727), and *Olson v. Pixler*, 138 Or. 250 (6 P. (2d) 23). In *Johnson v. Berns*, the plaintiff had contracted to sell and convey to the defendants certain real premises in Tillamook county and the defendants had failed to pay certain of the stipulated amounts. The plaintiff, instead of commencing a suit for strict foreclosure, which would have been an affirmance of the contract, brought ejectment to recover possession of the land, which, of course, was a disaffirmance of the contract and, as stated by Black, "constituted an election to rescind the con-

tract''. That being so, the defendants were entitled to the same relief they would have been entitled to had the action been a suit for rescission.

In *Olson v. Pixler*, the evidence showed that the defendant had defaulted in the payment of a part only of two installments and at the time these part payments were made he had been informed by plaintiff's agent that the payments were satisfactory. The evidence further showed that this default had continued for some $2\frac{1}{2}$ years before the commencement of the suit and that during all of said time the defendant had made all other payments falling due under the contract, and that these payments had been accepted by the plaintiff without protest upon his part and without any demand being made for the payment of the two delinquent installments and without any notice having been given by plaintiff requiring the defendant to make such payments. The complaint contained a prayer for strict foreclosure of the contract and alleged said default as the grounds for the suit but it also alleged that, because of such default, the plaintiff had rescinded the contract. In his answer, the defendant alleged that plaintiff's rescission was wrongful but that he acquiesced in such rescission and demanded judgment for the amounts he had paid under the contract, without any reference being made in the answer to defendant's occupancy of the premises or the rental value thereof during such occupancy. In his reply, the plaintiff sought to offset the amount claimed by the defendant by charging him with the reasonable rental value of the premises during defendant's occupancy thereof. Under these pleadings, the case was tried both in the court below and upon the appeal here as a suit for rescission and the court applied the doctrine announced in *Cornely v. Campbell*, supra, that where a contract was rescinded by the wrongful

acts of the vendor and such rescission was acquiesced in by the vendee, the vendee will be entitled to recover the payments made. When so understood, it will be seen that the decision in *Olson v. Pixler* is in harmony with our former decisions and does not sustain the contentions of the defendants.

■ All the objections urged by the defendants in the instant case are fully answered in *Turnbow v. Keller,* supra, where Mr. Justice ROSSMAN, speaking for the court, said:

"We have carefully read the transcript of the evidence and are also under the impression that it preponderates in favor of the plaintiffs. It indicates that the plaintiffs were at all times ready, willing and able to discharge the obligations imposed upon them by the contract, and that no rescission of it occurred. It follows that this case is not governed by the rules governing a rescinded property purchase contract applied in Olson v. Pixler, 138 Or. 250, 6 P. (2d) 23. To the contrary, since the vendors have been shown to have been at all times ready, willing and able to perform their contract, they are entitled to the benefit of the rules which grant such vendors a decree of strict foreclosure: Anderson v. Morse, 110 Or. 39, 222 P. 1083; Anderson v. Hurlbert, 109 Or. 284, 219 P. 1092, and Sheehan v. McKinstry, 105 Or. 473, 210 P. 167, 34 A. L. R. 1315. Likewise, since the defendants were in default and no rescission of the contract had been effected, they were not entitled to recover the payments which they had made upon account: Cornely v. Campbell, 95 Or. 345, 186 P. 563, 187 P. 1103. The defendants seem to believe that they were entitled to notice before this suit was instituted. We know of no rule of law which justifies this contention: Wiltsie on Mortgage Foreclosure, 3d (Ed.), section 49, 41 C. J., Mortgages, p. 877, section 1085."

The decree appealed from will, therefore, be affirmed.

BEAN, C. J., and BAILEY and CAMPBELL, JJ., concur.