Argued February 2, reversed and remanded April 20, 1966

# BLONDELL ET UX *v.* BEAM ET UX
### 413 P. 2d 397

*Donald S. Kelley*, Roseburg, argued the cause for appellants. With him on the briefs were Kelley, Garrison & Lasswell, Roseburg.

*Warren A. Woodruff*, Roseburg, argued the cause for respondents. With him on the brief was George Luoma, Roseburg.

Before MCALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

Plaintiffs brought suit to enforce the strict foreclosure clause of a land sale contract. They appeal from a decree denying foreclosure in any form and reinstating the contract upon payment by the vendees of past due taxes. The issue is whether a court of equity has the power to deny relief to a vendor in the face of proof of a material default not waived by vendor; or whether the court's power to do equity is restricted to the exercise of discretion in determining what form of relief shall be granted. We conclude that the rule in Oregon has been and should continue to be the latter.

In December of 1961 plaintiffs (vendors) entered into a contract with the defendants (vendees) for the sale of certain real property. The purchase price was $25,000, payable $4,000 down and the balance in annual installments with interest on the unpaid balance at the rate of 4% per annum. Time was made the essence of the contract which provided that the vendees were to pay all taxes before they became past due. The contract included a provision giving the seller the right to strict foreclosure by suit in equity in the event of a default by purchasers.

When sellers discovered that real property taxes for the years 1961-64 in the amount of $927.38 were past due and unpaid they brought this suit in equity seeking strict foreclosure.

Before suit was brought the vendees by timely payments of principal and interest had reduced the balance due to $19,446.66. Prior to the commencement of the suit Douglas county took a portion of the land in order to widen a county road, paying $1,650 for the portion taken to the vendors who applied it against the principal. Thus when the complaint was filed the balance owing on the contract was $17,796.66.

After suit was filed the defendants tendered into court the amount of the past due taxes and filed an answer setting forth two affirmative defenses: (1) that the time essence clause was waived by the vendees' acceptance of annual payments after the default of the vendees; (2) that the proceeds from the eminent domain award should have been paid directly to the vendees rather than applied against the principal.

■■ The trial court properly found the affirmative defenses to be without merit. As to the first defense, there was no evidence of waiver by the vendors. As to

the second defense, the vendees waived any claim to the $1,650 Douglas county paid for the portion of land it took when they computed their 1963 and 1964 annual payments on the basis of the principal balance being reduced by the amount of the eminent domain award.

After making these findings of fact, the trial court decree provided:

> "1. That the plaintiffs' complaint be dismissed and that the clerk of the above entitled court shall pay forthwith the sums tendered by the defendants for taxes to the tax collector of Douglas County, Oregon and shall pay the sums tendered by the defendants to the plaintiffs on the amounts due under said contract.
>
> "2. That the plaintiffs shall have judgment against the defendants for plaintiffs' attorney's fees in the sum of $200.00 plus costs incurred in the bringing of said foreclosure suit excepting that no trial fee shall be allowed.
>
> "3. That said contract shall be reinstated and the parties from hence forward required to carry out their respective obligations under said contract."

■■ The transcript discloses that the trial judge, in reaching his decision, relied on *Gulick v. Copeland,* 186 Or 640, 648-649, 207 P2d 1042, most recently reaffirmed by this court in *Leighton v. Hawkins,* 236 Or 638, 389 P2d 460, where this court approved the language in *Harrington v. Birdsall,* 38 Neb 176, 186-87, 56 NW 961 (1893):

> "* * * The remedy by strict foreclosure of land contracts cannot be resorted to in all cases. The remedy being a harsh one, courts of equity will decree a strict foreclosure only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases

where it would be inequitable to refuse them. If the vendee or purchaser has not been guilty of gross laches, nor unreasonably negligent in performing the contract, a strict foreclosure should be refused on the ground that it would be unjust, even though the vendee may have been slightly in default in making of a payment. So, for the same reason, a strict foreclosure will be denied where the premises have greatly increased in value since the sale, or where the amount of unpaid purchase money is much less than the value of the property. On the other hand, if the vendee, without sufficient excuse, fails to make his payments according to the stipulations of his contract, and for an unreasonable time remains in default, the vendor may have a strict foreclosure of the contract for the sale and purchase of the land, unless some principle of equity would be thereby violated."

The *Gulick* and *Leighton* cases do not hold that if a strict foreclosure is inequitable the court may refuse to grant any relief. It has long been the rule in Oregon that,

"* * * [A] vendor under such a [land sale] contract has a right * * * to go into a court of equity upon the default of his vendee, * * * and in such suit the court may either decree a strict foreclosure or a sale of the land, as the equities of the case may suggest." *Security Savings Co. v. Mackenzie,* 33 Or 209, 214, 52 P 1046.

In *Temple Enterprises v. Combs,* 164 Or 133, 158, 100 P2d 613, 128 ALR 856, this court, in decreeing specific performance, said:

"* * * [I]t must be remembered that the discretion of a court of equity in cases of this character is judicial in its nature and the relief is not 'of grace'; that, within the domain of equity, judicial remedies are not in any true sense discretionary but are governed by the established principles

and rules which constitute the body of equity juris-prudence."

The holding of the *Temple Enterprises* case is applicable here, for a suit to strictly foreclose a contract in accordance with its terms is an affirmance of the contract which the vendor is seeking to enforce. *Atkochunas v. Gustafson,* 156 Or 126, 66 P2d 1192. Where, as in the instant case, the contract provides for strict foreclosure in the event of a default by the vendees, the contract contains a time-essence clause, the default is material and has not been waived, the plaintiff is entitled to foreclosure in some form as a matter of right. The limit of discretion of a court of equity in such a case is in the determination of the form foreclosure shall take, i.e., strict foreclosure or foreclosure and judicial sale.

■ Insofar as it can be construed to hold that strict foreclosure is not often allowed, *Harrington v. Birdsall,* 38 Neb 176, supra, is misleading. In Oregon, a decree of strict foreclosure is not a decree which immediately, finally and completely cuts off the vendee's equitable interest in the property. In *Higinbotham v. Frock,* 48 Or 129, 132, 83 P 536, we said:

> "* * * An application for a strict foreclosure is always addressed to the sound discretion of the court, and when enforced at all will not be done without giving the defendant a reasonable time to comply with his contract."

*Miles v. Hemenway,* 59 Or 318, 326, 111 P 696, 117 P 273, defines a decree of strict foreclosure as being

> "* * * in the nature of a conditional cancellation of the contract to convey * * * consisting of an alternate order, providing a definite time for the payment of the debt found to be due, and directing that upon a failure to discharge the

obligation, within the time limited, the purchaser's equitable estate in the premises shall be forever barred."

A number of Oregon decisions have characterized the "alternate order" as a decree of foreclosure with time "within which to redeem." *Morrison v. Kandler,* 215 Or 489, 334 P2d 459; *Hodges v. Servine,* 211 Or 428, 316 P2d 312.

The fact that the granting of strict foreclosure is the rule rather than the exception is well illustrated in the following quotation from *Atkochunas v. Gustafson,* 156 Or 126 at 130, 66 P2d 1192:

> "It is well settled in this state that a vendor is entitled to the relief of strict foreclosure where the vendee fails to comply with the terms of his contract in the payment of the purchase price. It was so held in the following cases: *Security Savings Co. v. Mackenzie,* 33 Or. 209 (52 P. 1046); *Sievers v. Brown,* 34 Or. 454 (56 P. 171, 45 L.R.A. 642); *Wollenberg v. Rose,* 41 Or. 314 (68 P. 804); *Flanagan Estate v. Great Cent. Land Co.,* 45 Or. 335 (77 P 485); *Higinbotham v. Frock,* 48 Or. 129 (83 P. 536, 120 Am. St. Rep. 796); *Miles v. Hemenway,* 59 Or. 318 (111 P. 696, 117 P. 273); *Lyons v. Chaffee,* 79 Or. 485 (154 P. 688); *Cornely v. Campbell,* 95 Or. 345 (186 P. 563, 187 P. 1103); *Sheehan v. McKinstry,* 105 Or. 473 (210 P. 167, 34 A.L.R. 1315); *Anderson v. Hurlbert,* 109 Or. 284 (219 P. 1092); *Anderson v. Morse,* 110 Or. 39 (222 P. 1083); *Turnbow v. Keller,* 142 Or. 200 (12 P.(2d) 558, 19 P.(2d) 1089)."

In their brief plaintiffs catalogue 36 Oregon cases in which vendors sought strict foreclosure. In three the decrees provided for foreclosure and sale. In the remaining 33 strict foreclosure was allowed with redemption times ranging from a minimum of fourteen

days to a maximum of one year. The rule governing strict foreclosure is well stated in *Marquardt v. Fisher,* 135 Or 256, 258, 295 P 499, 77 ALR 265:

> "* * * [I]f the suit is for strict foreclosure and the case is such that the granting of the remedy of strict foreclosure would not be inequitable then the plaintiffs would be entitled to a decree requiring the defendants to pay the money due under the contract within such reasonable time as the court should direct, or be foreclosed of their equities in the property. If, however, the granting of the equitable relief of strict foreclosure would, for any reason, be inequitable, then it would be the duty of the court to decree that if the purchase money be not paid within the time set by the court then the property should be sold and the vendor's interest be satisfied from the proceeds * * *."

■ There is nothing in the record from which we can determine whether the decree should grant strict foreclosure or foreclosure and sale; or, if strict foreclosure is granted, what would be a reasonable time in which to redeem.

Reversed and remanded for such further proceedings as may be necessary for the entry of an appropriate decree in accordance with this opinion.