Argued September 14, reversed and remanded September 30,
petition for rehearing denied December 9, 1970

KINCAID ET UX, *Appellants, v.*
FITZWATER ET UX, *Respondents.*

474 P2d 742
477 P2d 712

*Frank L. Whitaker*, Portland, argued the cause and filed briefs for appellants.

*David C. Landis*, Portland, argued the cause for respondents. On the brief were Misko, Njust & Bowerman, Oregon City, and Gearin, Hollister & Landis, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN,* and TONGUE, Justices.

McALLISTER, J.

This is a suit to foreclose a land sale contract in which the trial court found that defendants were in default, but refused to decree foreclosure. Plaintiffs appeal.

The contract, dated October 25, 1965, provided for the sale by plaintiffs to the defendants of a 31-acre residential tract in Clackamas County for $65,000, to be paid $10,000 down and the balance in monthly payments of not less than $300. The contract also required the payment of an additional $6,000 on the principal before December 31, 1968. The defendants agreed to pay all taxes before they became past due. The property was subject to a Federal Land Bank mortgage and plaintiffs agreed to make the mortgage payments as due and to satisfy the mortgage when the full contract price was paid. The parties agreed that time was of the essence of the contract.

---

* Holman, J., did not participate in this decision.

The defendants from the outset consistently failed to pay the taxes when due. In December, 1966, the defendants were delinquent in paying the 1965-1966 taxes and at least the first quarter of the 1966-1967 taxes and had failed to pay the October payment on the purchase price. On December 15, 1966, plaintiffs' attorney demanded payment of the delinquent taxes and installment and advised defendants that their failure to pay the taxes caused plaintiffs to be in default under the Land Bank mortgage. Defendants paid the delinquent taxes in January 1967.

On July 27, 1967, the defendants were again delinquent in paying the remainder of the 1966-1967 taxes and plaintiffs' attorney again demanded that these taxes be paid, together with the July payment, which was then delinquent. The balance of the 1966-1967 taxes were finally paid in November 1967.

On July 18, 1968, defendants were delinquent in the payment of the second and third quarters of the 1967-1968 taxes and plaintiffs' attorney demanded that defendants pay the delinquent taxes before August 1, 1968. On August 7, 1968, the last three-fourths of the 1967-1968 taxes remained unpaid. On that date the attorney demanded that the delinquent taxes be paid by September 1, 1968, and advised that if they were not paid by that date a suit to foreclose the contract would be filed.[1]

The delinquent taxes were not paid by September 1, 1968, and on September ninth plaintiffs filed this suit. After the suit was filed the defendants paid

---

[1] Plaintiffs claimed that the $300 installment on the purchase price due in July, 1967, was also delinquent, but the trial court did not decide that claim and we find it unnecessary to decide it in this court.

the delinquent taxes and tendered to plaintiffs or into court the installments of the purchase price as they became due.

Defendants, in resisting foreclosure, relied primarily on a payment of $3,300 made by them on August 1, 1968, to Portland Federal Savings, which plaintiffs had designated as their collecting agent. Defendants did not indicate in any way how this payment was to be applied. Plaintiffs' attorney, in his letter of August 7, 1968, to defendants, acknowledged receipt of this payment as follows:

> "* * * They [Portland Federal Savings] also tell me that they received on August 1, 1968, in their suspense account, the sum of $3300.00, being the $300.00 payment due August 1st, and $3000.00 to apply on the $6000.00 lump sum due by year end, and are sending it to me."

The defendant Dean Fitzwater wrote to plaintiffs' attorney on September 5, 1968, enclosing the $300 installment due September first, and challenged Portland Federal Savings' "balance figures," but did not object to or even mention the application of the $3,300 payment as specified in the August 7 letter.

■ Although the payment of $3,000 on the additional $6,000 due by December 31, 1968, enhanced plaintiffs' security, it did not relieve defendants of their duty to pay the taxes before "they became past due." Since the $6,000 additional payment was not due until December 31, 1968, plaintiffs could have used part of their $3,000 to pay the delinquent taxes, but elected not to do so. In the absence of any direction by the defendants as to how the $3,000 was to be applied, the plaintiffs could apply it as they saw fit. *Fatland v. Wentworth & Irwin*, 149 Or 277, 280-281, 40 P2d 68 (1935).

The trial court found that when this suit was filed the defendants were in default because of the nonpayment of the last three quarters of the 1967-1968 taxes, but deemed this "at the most, a technical breach." Defendants paid the delinquent taxes on October 2, 1968. Because the taxes had been paid the court decreed that: (1) plaintiffs' complaint be dismissed; (2) that the clerk pay to plaintiffs the installments tendered into court by defendants; (3) that plaintiffs recover their costs and a $500 attorneys' fee, and (4) that the contract be reinstated.

This case is controlled by our decision in *Blondell v. Beam*, 243 Or 293, 298, 413 P2d 397 (1966), where we said that:

"* * * Where, as in the instant case, the contract provides for strict foreclosure in the event of a default by the vendees, the contract contains a time-essence clause, the default is material and has not been waived, the plaintiff is entitled to foreclosure in some form as a matter of right. The limit of discretion of a court of equity in such a case is in the determination of the form foreclosure shall take, i.e., strict foreclosure or foreclosure and judicial sale."

■ We cannot add anything to what we said in *Blondell v. Beam*, supra. The defendants contracted to pay the taxes before they became delinquent. They had no right to harass plaintiffs by consistently failing to comply with the contract. Since defendants chose to breach the contract, plaintiffs were entitled to exercise the remedies provided therein. Neither the trial court nor this court has any authority to modify the contract for either party.

Defendants argue that the trial court had the power to reinstate the contract upon payment of all

delinquent payments, including taxes and to dismiss the suit. They rely on *Marquardt v. Fisher et al*, 135 Or 256, 295 P 499 (1931) and *Atkochunas v. Gustafson*, 156 Or 126, 66 P2d 1192 (1937), in both of which the decree required payment only of the amounts due when the decree was entered. However, an examination of the briefs and abstracts of record in those cases shows that in both the contract of sale did not contain an acceleration clause. Under those circumstances the court could hardly require payment of more than the amount due at the time the decree was entered. Neither *Marquardt* nor *Atkochunas* apply to this case.

■ The contract in this case provides that in case of default plaintiffs have the right to declare the entire balance due and payable at once. As we held in *Renard v. Allen*, 237 Or 406, 418, 391 P2d 777 (1964), the filing of the suit with a prayer for the full balance due is a sufficient exercise of this right.

The decree of the trial court is reversed and the case remanded to the court below for the entry of a decree requiring the defendants to pay the full balance of the purchase price within a reasonable time to be fixed by the court, or in default thereof to have their interest in the property terminated by strict foreclosure or foreclosure and judicial sale.

Plaintiffs are entitled to their costs and disbursements including attorneys' fees in this court and in the trial court.

**ON PETITION FOR REHEARING**

Frank L. Whitaker, Portland, for the petitioner.

David C. Landis, Portland, Misko, Njust & Bowerman, Oregon City, and Gearin, Hollister & Landis, Portland, contra.

McALLISTER, J.

The petition for rehearing prays only for clarification of the concluding sentence of our opinion, which said: "Plaintiffs are entitled to their costs and disbursements, including attorneys' fees in this court and in the trial court."

■ The decree of the trial court was reversed and the case remanded for the entry of a new decree providing that if defendants failed to pay the full balance of the purchase price the contract would be strictly foreclosed or foreclosed by judicial sale. We intended that the new decree would allow plaintiffs their costs incurred in the trial court on the original trial and any costs incurred on the remand proceedings. Those costs will be taxed in the trial court.

The new decree also should allow plaintiffs a reasonable attorney's fee for all services rendered in the trial court, both on the original trial and on remand. Of course, credit should be given for attorneys' fees heretofore allowed in the trial court and paid.

■ Costs on appeal will be taxed by the clerk of this court. In this case the defendants agreed to pay a reasonable attorney's fee both in the trial court and on appeal. Since the attorney's fees in this case are not provided by statute they are not taxable as costs, but will be allowed by the court upon petition therefor. This court will allow plaintiffs a reasonable attorney's fee on appeal if a petition therefor is made within 10 days from the date of this opinion.

■ There is no merit in defendants' contention that plaintiffs are precluded from recovering a larger fee than the $500 originally allowed in the trial court because the defendants deposited that amount with the clerk and it was withdrawn by plaintiffs. Since there was no cross appeal we might have increased the amount allowed but could not have reduced it. See *Hofer v. Hofer*, 244 Or 88, 415 P2d 753 (1966).

Except as herein provided, the petition for rehearing is denied.