Argued September 12, reversed and remanded November 15, 1978

LORENZEN, *Appellant,*
*v.*
JACKSON et ux, *Respondents.*
(No. 76-190-E, SC 25424)
586 P2d 341

Michael D. Snider, of Schultz, Salisbury, Cauble & Snider, Grants Pass, argued the cause and filed briefs for appellant.

Robert C. Cannon, of Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem, argued the cause for respondents.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiff sold real property to defendants on a conditional contract of sale. This is a suit to strictly foreclose that contract. Plaintiff appeals from a decree for defendants.

The contract was entered into July 1, 1967, for a purchase price of $16,000. At the time in question, December of 1975, all monthly payments of principal and interest were current. However, unpaid taxes had accumulated on the property of $84.18 for the tax year 1973-74; $404.19 for the year 1974-75; and $470.67 for the year 1975-76, the latter amount having become due November 15, 1975. The contract provided that "the buyer agrees * * * that he will pay all taxes hereinafter levied against said property, as well as water rents, * * * all promptly before the same or any part thereof become past due * * *." It also provided:

> "And it is understood and agreed between said parties that time is of the essence of this contract, and in case the buyer shall fail to make the payment above required, or any of them, punctually within 30 days of the time limited therefor, or fail to keep any agreement herein contained, then the seller at his option shall have the following rights: (1) to declare this contract null and void, (2) to declare the whole unpaid principal balance of said purchase price with the interest thereon at once due and payable, (3) to withdraw said deed and other documents from escrow and/or (4) to foreclose this contract by suit in equity, and in any of such cases, all rights and interest created or then existing in favor of the buyer as against the seller hereunder shall utterly cease and determine * * *."

On December 3, 1975, plaintiff's attorneys wrote to defendants pointing out the delinquency and giving notice that if the taxes were not brought to a current status by January 1, 1976, plaintiff would declare the entire unpaid balance due under the contract and proceed with a foreclosure. The taxes upon the premises had frequently been in a state of delinquency during the life of the contract; nevertheless, plaintiff,

up until the time of the letter, had continued to accept monthly payments of principal and interest. About January 12, a telephone conversation occurred between Mrs. Jackson, one of the defendants, and one of plaintiff's attorneys. She testified concerning this conversation as follows:

"Q. Did you talk to them about that letter [of Dec. 3, 1975]?

"A. Yes, and I asked if we could pay a third on the taxes and pay the balance in 60 days.

"* * * * *.

"Q. Did you—are you able to tell the Court whether or not you proposed to the attorney with whom you were speaking that the payment of the one-third would be immediately?

"A. No, I would not have said that because my husband—would you like me to explain why, why I couldn't have said immediately?

"Q. Yes, please do."

She then went on to explain how her husband was negotiating for the money and they did not have it at the time of the conversation. She also testified that the attorney said nothing about the one-third being paid immediately. The attorney testified to the contrary.

On January 30, plaintiff's attorneys ascertained that no payment had been made upon the taxes. They wrote a letter to defendants which was received February 5 and which said, in part, as follows:

"Subsequent thereto, you made a telephone arrangement with the undersigned *whereby you agreed to pay one-third of all of the past due taxes immediately* and bring the balance current within sixty days thereafter, which would have meant that the one-third taxes would have been paid by at least January 10 and the balance by March. Our check with the Josephine County Assessor's office indicates that none of these taxes have been paid.

"In addition to the foregoing, we find that there are delinquent irrigation assessments in excess of $488.00.

"Because of your default in payment of the real property taxes, Mr. and Mrs. Lorenzen would like to

[ 254 ]

exercise their remedy under the agreement to accelerate the contract. They therefore demand payment by you within ten (10) days of the date of this letter, of the remaining balance due under this agreement of $11,065.75 together with interest thereon at the rate of six percent (6%) per annum from January 1, 1976, until paid.

"You should pay this amount to United States National Bank of Oregon, Grants Pass Branch, and by separate letter we have instructed them to accept no partial payment from you but only to accept payment in full under this agreement.

"If you [sic] payment is not received within ten (10) days of the date of this letter, Mr. and Mrs. Lorenzen have instructed us to commence a suit to foreclose the contract." (Emphasis ours.)

Although the letter specified that the telephone agreement provided that one-third of the delinquency was to have been paid immediately, the Jacksons never contacted plaintiff's attorneys complaining that this was not the agreement. Defendants paid to the respective governmental offices all delinquencies in both taxes and irrigation assessments on February 11. They thereafter attempted to make their monthly payments to the escrow agent but the escrow agent, pursuant to plaintiff's instructions, refused to accept the payment and this foreclosure proceeding was commenced on March 16, 1976.

The trial judge found that the plaintiff had waived the time is of the essence provision of the contract by the acceptance through the years of monthly payments while the taxes were delinquent, that the letter of December 3 giving until January 1 to remedy the default was not an allowance of sufficient time in which defendants should be expected to remedy their default, and that the entire default was remedied within a reasonable time. A good part of the briefs of the litigants is devoted to whether, under circumstances which it is unnecessary to delineate here, plaintiff had waived the time is of the essence provision of the contract. Whether plaintiff waived the

[ 255 ]

provision is irrelevant because both parties concede that subsequent thereto an agreement was entered into concerning the manner in which the delinquencies were to be remedied. The only disagreement concerns the terms of that agreement. They agree that the last two-thirds of the delinquency was to be paid within 60 days. They only disagree concerning the payment of the first third, the plaintiff contending it was to be made immediately and the defendants that it was to be made within a reasonable time and that it was so made. The trial judge made no specific finding upon this issue which is crucial to decision.

Having voluntarily entered into the agreement, the parties are bound by it. If plaintiff's version of the agreement is correct, plaintiff is entitled to declare a default as a matter of right and the trial judge had no authority to refuse a foreclosure of some kind. On the other hand, if the defendants' version is correct, it must be decided whether payment on February 11 was within a reasonable time. Defendants contend that even if the plaintiff's version is correct, the court is one of equity and it could find that it was inequitable, under the circumstances set forth, to allow plaintiff to declare a default and foreclose. There is language in some of our cases which would give credence to this contention. However, this problem was fully discussed and laid to rest in *Blondell v. Beam,* 243 Or 293, 298, 413 P2d 397 (1966), in which we said:

> "* * * Where, as in the instant case, the contract provides for strict foreclosure in the event of a default by the vendees, the contract contains a time-essence clause, the default is material and has not been waived, the plaintiff is entitled to foreclosure in some form as a matter of right. The limit of discretion of a court of equity in such a case is in the determination of the form foreclosure shall take, i.e., strict foreclosure or foreclosure and judicial sale."[1]

---

[1] Also see *Arnold v. Fechtel,* 279 Or 411, 413, 568 P2d 659 (1977), and *Kincaid v. Fitzwater,* 257 Or 170, 174, 474 P2d 742, 477 P2d 712 (1970).

The parties here made an oral agreement concerning the time within which the default could be remedied. It superseded any prior rights concerning the subject that the parties might have had and plaintiff is entitled to enforce it, if defendants did not comply with it, the same as he could have enforced the provisions of the original contract in the absence of any waiver. There is no contention that plaintiff waived any of the provisions of the oral agreement, whatever they may have been.

This leads us to consideration of the parties' oral agreement concerning the time within which the default could be remedied, which both agree they made. This, being an equity case, is tried by us de novo while giving consideration to the factual findings of the trial judge. In this case, the trial judge made no specific finding on the subject and ordinarily we would assume that he found the facts in a manner which is compatible with his ultimate decision. However, in this case, his written opinion demonstrated that he did not decide the issue which we have decided is crucial because a decision on the issue was unnecessary to the manner in which he decided the case.

■ The factual decision is not a difficult one. Although defendants now contend that the word "immediate" was not used, and this may be the case, Mrs. Jackson's statement of the agreement is only susceptible to the construction that immediate payment was contemplated of the first one-third. Her testimony was that their oral agreement had been "that I'd be allowed to pay a third of the taxes and pay the balance in 60 days." The only reasonable inference that can be drawn from this language is that it was anticipated that the one-third was to be paid at once, in view of the 60-day provision for the payment of the balance and the absence of any qualification on the time of payment of the one-third. Added to this is defendants' failure to object to the statement in the letter of January 30 from plaintiff's attorneys declaring the balance due and payable, in which it was stated that

their agreement had been that one-third of the delinquency should be paid immediately. For these reasons we believe that defendants did not comply with their verbal agreement for remedying their default by paying one-third of the delinquent taxes immediately and that plaintiff was entitled to declare a default and foreclose his contract.

■ As pointed out in *Blondell v. Beam,* supra, judicial discretion rests with the court, dependent upon the equities, whether strict foreclosure or foreclosure by judicial sale be granted. As stated in *Blondell,* strict foreclosure in Oregon is not a decree which immediately, finally and completely cuts off the vendee's equitable interest in the property, and will not be accomplished without giving the purchaser a reasonable time to pay the accelerated balance upon the contract. Because we believe the trial court is better able to determine the method and the provisions of foreclosure to be granted, the case is reversed and remanded to the trial court for consideration of these matters.

Costs on appeal will be allowed to neither party.

Reversed and remanded.