Argued December 1, 1978, affirmed January 29, 1979

SWAGGART et ux, *Respondents,*
*v.*
McLEAN, *Appellant.*
(No. E5776, CA 10283)

589 P2d 1170

R. Thomas Gooding, La Grande, argued the cause for appellant. With him on the briefs was Gooding & Susak, La Grande.

Robert W. Collins, Pendleton, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

In this suit for strict foreclosure of a contract for the sale of real property, defendant McLean appeals from a decree allowing him 30 days from the date thereof within which to pay the full principal balance due under the contract, with interest thereon, in default of which both defendants are foreclosed of all interest in the property.

In his brief, defendant contends that the trial court erred in permitting plaintiffs to accelerate the full principal balance due under the contract and entering a decree for plaintiffs, for reasons founded primarily on estoppel or waiver of the time-essence provision of the contract. Immediately prior to argument in this court, however, defendant presented a "Motion for Remand" within which he tendered into court all sums decreed to be owing to plaintiff under the contract, and requested that we enter a mandate requiring respondents to accept said sums and deliver to defendant a warranty deed to the real property.

■■ We construe defendant's tender and motion as an acknowledgment that plaintiff had the right under the contract to accelerate the sums owing thereunder, *West Portland Park v. Kelly,* 29 Or 412, 45 P 901 (1896) and that the trial court did not err in granting plaintiff strict foreclosure, but that the decree should have allowed him more time within which to make payment of the sums found to be due, namely, until December 1, 1978. Accordingly, we will treat that contention as the only claimed error.

On the face of it, the decree gave defendant only 30 days to pay a sum in excess of $350,000, or be forever foreclosed of any interest in a ranch (and equipment) toward the purchase of which he had paid $70,000 ($40,000 down payment and $30,000 in interest). If that is all there were to the dispute, a reasonable argument might be made that defendant's equity of

redemption should be longer than 30 days.[1] But there is more, requiring a brief chronological summary.

The contract on which the suit is based is dated December 1, 1973. The total purchase price thereunder is $370,000, $40,000 of which was paid at the time of execution. The balance of $330,000 drew interest at the rate of 6 percent per annum. Under the terms of the contract the sum of $15,000 was due on December 1, 1974, to apply on interest, and a like sum on December 1, 1975; on December 1, 1976, the accrued interest was to be paid in full, and, in addition, interest at the rate of 6 percent per annum on the unpaid amounts of interest accruing on the years 1974-1975 was to be paid. Commencing December 1, 1977, payments were to be made on both principal and interest, but they are not involved in this dispute.

The payments of $15,000 on account of interest due December 1, 1974, and December 1, 1975, were paid promptly by defendant; however, defendant was not able to make the payment due December 1, 1976, and, by the terms of the contract, the contract fell into default 30 days thereafter, that is, January 1, 1977. On March 30, 1977, plaintiffs notified defendant in writing that the full balance due under the contract was due and owing under the acceleration clause of the contract, and on April 1, 1977, the complaint was filed commencing these proceedings for strict foreclosure.[2] The dispute was litigated at length, and it was not until January 23, 1978, that a decree of strict

---

[1]Defendant did not contend that if plaintiff was entitled to a decree, the decree should provide for foreclosure and judicial sale rather than strict foreclosure because the property would bring an amount greater than the balance owing under the contract. *See Lorenzen v. Jackson,* 284 Or 251, 586 P2d 341 (1978); *Blondell v. Beam,* 243 Or 293, 413 P2d 397 (1966). While defendant introduced testimony of an appraiser who stated the property was worth about $550,000, defendant apparently was unwilling to assume the risk of a possible deficiency judgment in the event he successfully contended foreclosure and judicial sale was the appropriate remedy. *See* Annotation, 77 ALR 270-276 (1932).

[2]The complaint was subsequently amended and supplemented to allege defaults other than the payment of money, such as failure to farm the land in a husbandlike manner.

foreclosure was entered allowing defendant 30 days within which to pay all sums due under the contract.

By the time the decree was entered, therefore, more than one year had transpired since the default by the defendant under the contract, and 10 months had passed from the date the contract balance was accelerated. Defendant had the right to pay off the contract, but did not do so. At the time of the decree, defendant contended that he should be allowed 120 days within which to make payment of all sums due, and now, almost two years since the default, he contends that he should have approximately 10 months from the date of the decree within which to pay all sums due. Clearly, the equities do not balance in defendant's favor. Looking at the situation from the standpoint of the trial court at the time the decree was entered, the defendant had had in excess of one year within which to raise the funds to pay off the contract, and it was not inequitable for the trial court to have limited defendant's equity of redemption to an additional 30 days from the date of the decree. Accordingly, we deny defendant's "Motion for Remand" and affirm the decree.

Affirmed. Costs to respondent.