On appellants' reconsideration filed March 31, former opinion filed March 2 (51 Or App 27, 624 P2d 628), reconsideration granted; former opinion adhered to as modified June 15, petition for review denied October 6, 1981 (291 Or 708)

## RAFTER Q CATTLE COMPANY,
*Respondent,*

*v.*

## OREGON SUN RANCH, INC. et al,
*Appellants,*

### LEWIS et al,
*Respondents,*

### (No. 11787, CA 15469)

629 P2d 837

Richard A. Van Hoomissen, Judge Pro Tempore (Judgment and Decree and Decree of Foreclosure), Walter I. Edmonds, Jr., Judge (Supplemental Decree of Foreclosure).

Robert J. Vanden Bos, Herbert H. Anderson, and Spears, Lubersky, Campbell & Bledsoe, Portland, for petition.

No appearance contra.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

In their petition for reconsideration and review, Oregon Sun Ranch, Inc., and Leon and Sharon Gritten assert two contentions which deserve consideration, in addition to re-asserting their other nine original assignments of error, which do not.

The plaintiff was granted a decree strictly foreclosing a land sale contract in which plaintiff was the seller and defendants Oregon Sun Ranch, Inc., Leon Gritten and John Lewis were buyers. Defendant Sharon Gritten did not sign the land sale contract, but was a named defendant in the suit, the complaint alleging that she claimed an interest in the real property covered by it, an allegation she admitted. The decree included a money judgment "as to the Grittens only * * *." We modified that portion of the decree to read "as to Leon Gritten only." Notwithstanding that modification, our opinion is confusing and incorrect as to who were parties[1] to the various agreements involved in the litigation. Although that confusion did not affect the result, it is relevant to petitioners' second point discussed below.

■   The first point worthy of consideration is that because we held that the trial court erred in granting plaintiff judgment for unpaid taxes, in addition to strict foreclosure of the contract, we should have considered their next argument. We did not go on to consider the next argument, because we treated it as being among those of appellants' contentions which were either waived or acquiesced in at the trial level. We are now persuaded that the contention could not have been raised in the trial court. As appears below, the issue raised here did not arise until after the notice of appeal was filed, and did not become viable until we held that the money judgment for taxes was error.

That contention is that subsequent to the final decree, and after notice of appeal was filed, the money judgment against defendants Oregon Sun Ranch, Inc., John Lewis and Leon Gritten was paid, and a satisfaction

---

[1] Zeke Graff was not a party to the land sale contract, but was a party to the buy-out agreement.

thereof was entered of record. The amount paid included taxes, which we held in our original opinion were improperly included in the judgment. Therefore, the argument goes, plaintiff accepted payment of sums under the contract which had the legal effect of reinstating the contract. Defendants rely on *Marquardt v. Fisher et al,* 135 Or 256, 295 P 499 (1931), from which they quote the following language:

> "* * * In any case where the relief sought is that of a strict foreclosure, the plaintiffs would not be entitled to have a judgment for the amount due and also at the same time have the contract strictly foreclosed. The payment of the money, whether under the compulsion of a judgment or voluntarily made, would operate to reinstate the contract and continue it in force and thus preserve the vendee's equities under the contract, * * *." 135 Or at 258-9.

In *Marquardt,* however, the seller-plaintiff had obtained a decree of strict foreclosure and also a judgment for the amounts due under the contract at the time the suit was commenced. On appeal, the Supreme Court held that the seller could not have both and, by way of dicta, made the statement quoted above. That statement appears to be a correct statement of the law, but it is inapplicable here. The incorrect judgment here was for taxes, not for all amounts due under the contract at the time the suit was commenced—payment of the taxes did not cure the default. Our modification of the decree means that plaintiff is not entitled to collect the unpaid taxes from the buyers; its effect is not to reinstate the contract.

■     Petitioners' second point is that the third cross-claim of defendant Lewis against Leon and Sharon Gritten on a promissory note was not an assertable counterclaim. In disposing of that contention, we said in our original opinion:

> "Turning to the summary judgment in favor of cross-complainant Lewis, appellants' trial counsel also admitted that there was no defense to the note executed in Lewis' favor pursuant to the parties' buy-out agreement. Therefore, they have waived any objections to the granting of judgment on the note. * * *"

Petitioners contend now that even though trial counsel may have admitted there was no defense to the note, he did

not admit that the note was executed pursuant to the parties' buy-out agreement. That contention may be technically correct in the sense that those words were not used. It is more accurate to state that Lewis' allegation in his third cross-claim that the note was given "as part of the transaction which is the subject matter of this suit * * *" was not denied. It is true that defendant Sharon Gritten filed a motion to dismiss that cross-claim (and also a motion to dismiss plaintiff's complaint as to her, discussed below), and defendant Leon Gritten demurred to it, both on the ground that it was "improperly united."[2] The demurrer (at that time) was the proper attack, ORS 16.260;[3] but the argument of both defendants was that Sharon Gritten's other motion to dismiss the plaintiff's complaint as to her should have been granted because she claimed no interest in the property, and that because she was not a proper party to the principal lawsuit, the cross-claim was improper. However, the complaint alleged that she, as a named defendant, claimed "some title" in the property, was in possession and was removing Bentonite therefrom, and those allegations were admitted by the defendants, including Sharon Gritten.

[2] ORS 16.315(1), applicable at the time of this proceeding, provided:

"(1) In any action or suit where two or more parties are joined as defendants, any defendant may in his answer allege a cross-claim against any other defendant. A cross-claim asserted against a codefendant must be one existing in favor of the defendant asserting the cross-claim and against another defendant, between whom a separate judgment might be had in the action or suit or shall be:

"(a) One arising out of the occurrence or transaction set forth in the complaint; or

"(b) Related to any property that is the subject matter of the action or suit brought by plaintiff."

ORCP Rule 22B.(1) is substantially the same.

[3] Former ORS 16.260 provided:

"The defendant may demur to the complaint within the time required by law to appear and answer, when it appears upon the face thereof:

"* * * * *

"(4) That there is a defect of parties, plaintiff or defendant;

"(5) That several causes of action have been improperly united;

"(6) That the complaint does not state facts sufficient to constitute a cause of action; or

"* * * * *."

With respect to the demurrer to the third cross-claim, Lewis' allegation that the note was executed as a part of the transaction was admitted for the purposes of the demurrer and was not denied either by answer or by affidavit in opposition to Lewis' motion for summary judgment. The cross-claim, then, was sufficient to survive a demurrer. Because no issue of fact was raised on Lewis' motion for summary judgment against the Grittens, it was properly granted.[4]

■ Petitioners point out that the motions and the demurrer should have been disposed of before the summary judgment motions were heard. That may be true, but at the time set for hearing on the motions for summary judgment counsel for all of the parties stated their positions with respect to Leon Gritten's demurrer to Lewis' third cross-claim. Counsel for defendants stated he thought "it was improper to join the two causes of action at this time," and went on to say he knew of no defense to the note. The argument concluded with the following colloquy between the court and defendant's counsel:

"THE COURT: * * * It would just be another lawsuit, and we could just as well get it taken care of at once, as far as I am concerned. The answer does allege that it is part of the transaction, so I don't think it would be subject to demur [*sic*].

"[Defendants' Counsel]: Yes."

Although our original disposition of the contentions relating to the cross-claim on the note was summary, it was correct.

Petition for reconsideration granted; former opinion adhered to as modified.

---

[4] The judgment on the note did not include Oregon Sun Ranch, Inc., as we stated in our opinion; it did not sign the note.