SHPARGEL v. EMERSON LAND CO.

1. VENDOR AND PURCHASER—DELAY—RESCISSION—PERFORMANCE.
   Purchaser of city lots is not entitled to rescind contract and recover money paid thereon, for failure of vendor to complete improvements within time limited in contract, where time was not of essence of contract, purchaser continued to make payments after expiration of said time, and there was practical performance before notice of rescission and full performance before trial.

2. CONTRACTS—DELAY AS CAUSE FOR RESCISSION—EQUITY.
   One seeking to rescind mutual contract, of which time is not of essence, on ground of delay by other party in complying with its terms, must show either such wilful and intentional delay as will evince intention of party delaying to treat contract at end, or that delay has caused such damage as will render decree of specific performance inequitable and unjust.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 22, 1932. (Docket No. 19, Calendar No. 36,072.) Decided April 4, 1932.

Assumpsit by Samuel Shpargel against Emerson Land Company, a Michigan corporation, for money paid on land contracts claimed to have been rescinded. Judgment for defendant. Plaintiff appeals. Affirmed.

*Frank B. Ferguson,* for plaintiff.

*Patrick H. O'Brien* and *Gerald K. O'Brien,* for defendant.

NORTH, J. Plaintiff, after having undertaken to rescind a contract under which he was purchasing four lots from defendant, sought to recover in an

As to admissibility of prior inconsistent statements as ground for impeachment, see annotation in 41 L. R. A. (N. S.) 877.

action at law the payments he had made. In circuit court the case was tried without a jury, judgment entered for defendant and plaintiff has appealed. The facts and circumstances involved are stated in the opinion of the trial judge from which we quote:

"Plaintiff purchased on contracts of defendant four lots in Longfellow Manor subdivision in the city of Detroit. One contract was executed March 22, 1926, and three were entered into April 6, 1926. The purchase price was payable monthly. Each instalment was paid regularly and promptly until August 6, 1929. The agreement did not provide that 'Time is the essence of the contract.'

"Each contract contained the following clause—

" 'Purchase price includes graded and cinderized streets and cement sidewalks to be incorporated on or before November, 1928.'

"Claiming defendant failed to complete the above improvements within the time limited, and claiming rescission because of such failure, plaintiff brings this action to recover the sums paid on purchase price, interest, and taxes, aggregating $3,547.19.

"Plaintiff did not protest because the improvements were not made 'on or before November, 1928.' He did not notify defendant he would insist they be made by that time. Instead, as above stated, he paid the monthly instalments until August 6, 1929. He gave notice of rescission January 9, 1930, tendered a reconveyance March 18th and commenced this suit March 22 (1930). The evidence shows this is a large subdivision. The city of Detroit constructed a water and sewer system in 1928 and 1929 which made it necessary to 'tear up' the streets. Defendant had laid cement sidewalks in the entire subdivision and the work was finished in June, 1929. Before this suit was commenced the streets were cinderized. Improvement has been continued until about eight months ago. The enterprise has not been abandoned. * * *

"The defendant has done that which it agreed to do. The plaintiff has not been damaged by the delay. It is in a position to convey to the plaintiff the lots for which he bargained when he completes the payments. The plaintiff should not be allowed to recover when the agreement did not provide that 'Time is the essence of the contract,' when some of the improvements were made before notice of rescission and when all were completed before suit was started."

The record sustains the trial judge's recital of facts and also his determination of law. Time was not expressly made the essence of this contract; and in view of the construction placed upon it by the conduct of the parties in continuing performance regardless of the express contract provisions as to the time within which certain things should be done or completed, it would be contrary to settled law to now hold that a breach of these independent covenants justified rescission. Especially is this true since there was practical performance before rescission and full performance before trial.

"One seeking to rescind a mutual contract, of which time is not the essence, on the ground of delay by the other party in complying with its terms, must show either such wilful and intentional delay as will evince the intention of the party delaying to treat the contract at an end, or that the delay has caused such damages as will render a decree of specific performance inequitable and unjust." *Reid* v. *Mix,* 63 Kan. 745 (66 Pac. 1021, 55 L. R. A. 706).

The judgment entered in the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.