MILLER *v.* SMITH.

1. VENDOR AND PURCHASER—TIME OF ESSENCE OF CONTRACT—WAIVER.
   Purchasers, by making late payments under land contract, and vendors, by accepting payments after contract should have been paid in full, waived provision relating to time as being of the essence.

2. SAME—RESCISSION—TIME—WAIVER—EQUITY.
   Purchasers under land contract who offered to pay balance due thereunder, if any, upon demanding deed prior to commencement of suit *held*, not entitled to rescission in a court of equity where both parties had, by their conduct, waived provision of the contract relating to time as being of the essence and vendor tendered deed within a month after commencement of suit.

3. RESCISSION—DELAY—SPECIFIC PERFORMANCE—EQUITY.
  Rescission of contract of which time is not of the essence, on
    ground of delay by other party in complying with its terms
    must be justified either by showing such wilful and intentional
    delay on part of other party as to evince intention to treat
    contract at an end or that delay has caused such damages as
    will render a decree of specific performance inequitable and
    unjust.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 16, 1936. (Docket No. 118, Calendar No. 38,929.) Decided June 16, 1936.

Bill by John T. Miller and wife against Ebdon C. Smith and wife, Edward F. Fisher and wife, Lowell E. Mason and wife, and Folker Company, Inc., a Michigan corporation, to rescind a land contract. Bill dismissed. Plaintiffs appeal. Affirmed.

*Roy A. McGinty* and *R. S. Woodliff,* for plaintiffs.

*Tinkham & Snyder,* for defendants.

EDWARD M. SHARPE, J. Plaintiffs filed their bill of complaint praying for the rescission of a certain land contract entered into between them and the defendants on May 28, 1925, for the purchase of lot No. 1025 of the subdivision known as Folker's Garden City Acres No. 6 in Wayne county. The principal mentioned in the contract was $905. The contract called for an initial down payment of $112 with monthly payments of $12.50, interest at six per cent. if payments were made promptly, and all payments to be made on or before May 28, 1930. Payments were made somewhat irregularly and notice of foreclosure was given in September, 1927. However, the contract was reinstated two months later. The contract provided that time should be of the

essence, but payments were accepted after May 28, 1930. The last payment was made on October 6, 1931, and at that time the contract showed a balance due of $41.58.

About November 10, 1931, plaintiffs demanded their deed and abstract of the Folker Company and at the same time offered to pay the balance due, if any. At this time lot No. 1025, together with other lots in the same subdivision, was incumbered with a mortgage in favor of the Fidelity Bank & Trust Company, of Detroit. On November 12 or 14, 1931, receivers were appointed for the trust company and the successor trustee of the trust company did not sign a release of the particular lot from the mortgage until March 17, 1932. Plaintiffs filed suit to rescind the contract on February 23, 1932, and defendants offered the deed March 22, 1932. The trial court dismissed plaintiffs' bill of complaint.

Plaintiffs appeal and contend that they were entitled to their deed within a reasonable time after demand and offer of payment, if any was due upon a settlement between the parties, and cite *Haight* v. *Salter,* 260 Mich. 6, as authority. We have examined that case and find that it is readily distinguishable from the case at bar. In the *Haight Case, supra,* the contract price was fully paid. We there said: "After payment of the contract price, the vendor is not entitled to time to make title. He is entitled only to a reasonable time to execute the proper conveyance." But, in the instant case, there was a balance due the vendors even after the suit was begun.

In *Pappas* v. *Harrah,* 221 Mich. 460, we said:

"The failure to make such tender is not excused by the assumption that defendant would not insist on his strict rights. We would import into the law an unsafe and litigious element if we should hold

an offer to perform, with ability to do so, accomplishes the purpose of a tender, or constitutes ground for equitable relief.''

In 39 Cyc. p. 1327, cited in *Haight* v. *Salter, supra,* as follows:

''If the conveyance is to be made upon payment the purchaser is entitled to a conveyance as soon as the purchase-price is paid or tendered, or in case of payment in instalments upon payment or tender of the last instalment.''

In this cause plaintiffs seek their remedy in a court of equity. In *Hafner* v. *A. J. Stuart Land Co.,* 246 Mich. 465, we said, ''A rule stated generally, is that a party is not entitled to rescind if he is himself in default (39 Cyc. p. 1422, 27 R. C. L. p. 652, § 413).'' And in *Hyman* v. *Boyle,* 239 Mich. 357, 360, we said, ''Plaintiff is here seeking the aid of a court of equity. To entitle him to relief, he must present such a case as appeals to the conscience of the court.''

In the case at bar both parties have waived that provision of the contract relating to time as being of the essence, plaintiffs by failing to make payments in accordance with the terms of the contract and defendants by accepting payments after the contract should have been paid in full.

In *Shpargel* v. *Emerson Land Co.,* 258 Mich. 222, this court adopted the rule in *Reid* v. *Mix,* 63 Kan. 745 (66 Pac. 1021, 55 L. R. A. 706):

'' 'One seeking to rescind a mutual contract, of which time is not the essence, on the ground of delay by the other party in complying with its terms, must show either such wilful and intentional delay as will evince the intention of the party delaying to treat the contract at an end, or that the delay has

376 <span style="float:right;">[June</span>

caused such damages as will render a decree of specific performance inequitable and unjust.' "

Plaintiffs' failure to pay or tender the amount due under the contract precludes them from obtaining rescission in a court of equity.

The decree of the lower court is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.