WAYMAN T. KIRKPATRICK *et al.*, Plaintiffs-Appellants, *v.* MICHAEL PETREIKIS *et al.*, Defendants-Appellees.

Third District   No. 76-140

Opinion filed December 21, 1976.

Schenk, Andreano, Duffy, Quinn & McNamara, of Chicago, for appellants.

George Buttell, of Steger, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal arises from a declaratory judgment action to determine the rights of the respective parties under two real estate installment contracts. On June 1, 1959, the first contract was entered into by the plaintiffs Albert and Alice Skogsberg and the defendants Michael and Marguerite Petreikis. By the provisions of the contract, the Skogsbergs agreed to purchase the property for $15,400 payable at the rate of $100 per month with interest to be calculated at 5½ percent per annum. In addition, the contract provided a forfeiture clause in case the buyers defaulted on their payments and an acceleration clause which allowed the seller to demand all the deferred payments if the default continued for 60 days. There was also a "time is of the essence" clause. Subsequently, the Skogsbergs entered into a second real estate installment contract, selling the same property to plaintiff Wayman Kirkpatrick. This contract was entered into on March 1, 1965, and, except for a sale price of $15,000, had terms essentially the same as the first contract. Kirkpatrick has never been in default.

The Skogsbergs made the regular payments to February 1, 1970, and most of those payments were $110 instead of $100. After that date, the payments became irregular. The next payment was $100 on April 13, 1970. Then payments were made as follows:

| | |
|---|---|
| June 1, 1970 | $100 |
| June 15, 1970 | 300 |
| August 14, 1970 | 100 |
| September 1, 1970 | 100 |
| October 1, 1970 | 100 |
| November 1, 1970 | 100 |
| January 1, 1971 | 100 |
| April 1, 1971 | 100 |
| May 1, 1971 | 100 |
| June 1, 1971 | 100 |
| July 1, 1971 | 100 |
| October 1, 1971 | 100 |
| November 1, 1971 | 100 |
| December   1971 | —no payment. |

There was some evidence that the Skogsbergs made irregular payments amounting to $1,000 in 1972 and $200 in 1973. On April 17, 1973, the defendants issued a notice of forfeiture to the Skogsbergs, requiring the Skogsbergs to pay $8,717.28 principal and interest due, plus $8,695 damages, "within thirty (30) days" to avoid forfeiture. Forfeiture was declared on May 21, 1973. On that date, the Skogsbergs were 3 months in default of payments, but had actually paid more than was due on the

contract. Kirkpatrick received no notice of forfeiture. The evidence is contradictory about whether the Petreikises knew that Kirkpatrick was in possession of the property. The trial court determined that the Skogsbergs forfeited their rights under the contract, that Kirkpatrick acquired no rights under the contract between the Skogsbergs and the Petreikises, and that Kirkpatrick, by reason of his contract with the Skogsbergs, was not entitled to a notice of forfeiture from the defendants. The plaintiffs appeal. We reverse.

■■ The courts of this State do not look with favor on forfeiture of contracts. (*Cantrell v. Kruck* (1975), 25 Ill. App. 3d 1060, 324 N.E.2d 260.) Forfeiture may be allowed where there is a valid contract containing a forfeiture clause and the buyer is found actually in default. In addition the seller must be free from default. (See *Horan v. Blowitz* (1958), 13 Ill. 2d 126, 148 N.E.2d 445.) Since no other objection to forfeiture has been interposed, forfeiture could be declared in this case if the Skogsbergs were in default.

■■■ The default upon which the declaration of forfeiture was based is that the Skogsbergs failed to make their monthly payments on time. Although the contract contains a "time of the essence" clause, such a clause may be waived by the practice of the seller of accepting payment at irregular intervals. (*Lang v. Parks* (1960), 19 Ill. 2d 223, 166 N.E.2d 10; *Fox v. Grange* (1913), 261 Ill. 116, 103 N.E. 576; *Cantrell v. Kruck* (1975), 25 Ill. App. 3d 1060, 324 N.E.2d 260.) By regularly accepting payments at irregular intervals, the Petreikises have waived the "time of the essence" provision of the case in question. Since it would be an unjust result to allow the seller to declare a forfeiture on the failure of the buyer to pay an installment after the seller has accepted payments after the fixed dates, the "time of the essence" clause must be revived by giving the buyer a warning notice that strict compliance with the contract will be insisted on in the future and that forfeiture will be declared if the payments are not promptly made. The notice of a declaration of forfeiture in this case is insufficient as a warning to re-establish strict compliance with the contract. Moreover, the notice must be given a reasonable length of time ahead of the declaration of forfeiture, and what constitutes a reasonable length of time depends on the facts in the case. (*Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526.) Generally, however, a 30-day warning of the seller's intention to declare a forfeiture is reasonable. *Chrisman v. Miller* (1859), 21 Ill. 227.

■■ Although it is not necessary to give such notice to the buyer's assignee where the seller has no notice of assignment (*Chrisman v. Miller* (1859), 21 Ill. 226), it has been suggested that giving notice to a known assignee of the buyer, as well as to the original purchaser, is a prudent

step on the part of the seller. R. Kratovil, *Forfeiture of Installment Contracts in Illinois*, 53 Ill. B. J. 188 (1964).

Accordingly, the judgment of the Circuit Court of Will County that the Skogsbergs forfeited their rights under the contract is reversed.

Reversed.

STOUDER, P. J., and STENGEL, J., concur.