MELVIN SMITH *et al.*, Plaintiffs-Appellees, *v.* GEORGE CHRISTOFALOS, Defendant-Appellant.

Second District   No. 78-330

Opinion filed July 18, 1979.

Robert P. Will, Jr., of Waukegan, for appellant.

Wayne B. Flanigan, of Wasneski, Yastrow, Kuseski and Flanigan, of Waukegan, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs, Melvin and Eveline Smith, filed suit for forcible entry and detainer (Ill. Rev. Stat. 1977, ch. 57, par. 1 *et seq.*) to obtain possession of real estate sold to defendant, George Christofalos, under an installment land sale contract. The trial court granted plaintiffs possession of the property based upon defendant's default in payments. Defendant appeals.[1]

On September 10, 1974, plaintiffs entered into an installment land sale contract with John Katris. Under the terms of the agreement Katris was to pay a total of $182,000 for the property. A $15,000 down payment was to be made, followed by annual payments of $15,000 made in $5,000 installments on March 1, July1, and November 1. In addition the buyer was to pay $800 per installment into an escrow account for the payment of taxes and interest. The contract further provided that if the buyer breached any of the covenants, the seller, at his option, could declare the contract forfeited, retain all sums paid as liquidated damages, and re-enter and take possession of the property. It was also agreed "that the time of payment shall be the essence of this contract." Finally, the contract provided that in the event of a breach, at the option of the seller, the full purchase price would become immediately due. In 1976, Katris was found to be in default, and on December 7, 1976, the Lake County Circuit Court entered an order declaring a forfeiture.

On February 7, 1977, Katris assigned his interests and obligations under the contract with plaintiffs to George Christofalos. Defendant Christofalos tendered the amount then owing under the contract, and on February 16, 1977, the trial court entered an order vacating the forfeiture. The order further stated that Christofalos could not exercise redemption rights under the Illinois forcible entry and detainer act (Ill. Rev. Stat. 1977, ch. 57, par. 13) for five years from the date of the order.

Christofalos made a partial payment of the amount due on March 1, 1977, in February. The remainder was paid and accepted on approximately March 5 or 6. On July 1, 1977, defendant failed to make the installment payment. On July 8, 1977, defendant tendered $4,000 as partial payment with the promise that the remainder would be paid within a few days. Plaintiffs refused to accept defendant's tender.

On August 2, 1977, plaintiffs notified defendant of their intention to declare a forfeiture. Under the terms of the notice, defendant was given

---

[1] Defendant George Christofalos is now deceased. However, Josephine Christofalos, as administrator of the estate of George Christofalos, has stipulated that any order or opinion of this court shall be binding on the estate.

until September 15, 1977, to cure *all* defaults under the contract. On September 12, 1977, defendant tendered $10,711.84; plaintiffs refused to accept defendant's tender. On October 1, 1977, plaintiffs formally made demand for possession, and on October 14, 1977, filed a complaint for forcible entry and detainer on the grounds that defendant failed to make timely payments and allowed waste to occur to the premises.

A hearing was held on November 29, 1977, and on January 13, 1978, the trial court entered an order finding that defendant's failure to make full payment on July 1 was a material breach of the contract, but that the evidence of waste was insufficient to constitute a material breach. The court further held that the September 12 tender was insufficient to cure the breach of contract. In addition, the court found that the defendant was barred from exercising the statutory right of redemption for a period of five years from the February 16, 1977, order. Based upon these findings, the trial court granted plaintiffs judgment for possession of the premises, but stayed execution for 30 days during which time defendant was given the right to tender the total outstanding balance owed ($122,796) plus interest and escrow delinquencies in exchange for title to the premises. Defendant's motion for a new trial was denied, and this appeal followed.

Defendant raises three contentions on appeal: (1) that as an assignee of the defaulting buyer he is not barred from exercising the statutory redemption rights, (2) that the seller had previously waived the "time is of the essence" clause of the agreement, and (3) that he should now be allowed to cure the default by paying the entire balance plus interest and attorney's fees.

■■ Under the statutory scheme of the forcible entry and detainer act, a defaulting buyer under an installment land sale contract is entitled to cure the defect and avoid forfeiture and repossession by paying the amount then owing plus costs and attorney's fees. However, the act further provides:

> "The relief granted to a *defendant* by this Section shall not be exhausted by a single use thereof but shall not be again available with respect to the same contract for a period of 5 years from the date of such judgment." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 57, par. 13.)

Plaintiff argues that this provision precludes defendant from exercising a right of redemption for the July 1977 default, since he has exhausted this remedy when he cured Katris' default under the original contract. Defendant, however, argues that he is not bound by this provision, since he was not the defendant in the earlier proceedings, and he was not in any way responsible for the original default. Defendant focuses on the language of the statute, by noting that he was not the "defendant" in the original action and thus not bound by the five-year limitation. However,

Christofalos, as the assignee of the original defendant, stands in the shoes of the assignor and is bound by the same legal restraints. The assignee of a contract for the purchase of real estate acquires no greater rights in the property than were possessed by his assignor, the original contract vendee, and takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment. *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 123, 349 N.E.2d 599.

Moreover the February 16, 1977, order vacating the original forfeiture specifically stated that Christofalos could not exercise redemption rights for five years from the date of the order. Christofalos cannot now challenge this order when he apparently expressed no objection to its entry. In sum, under the facts of this case, the defendant is barred from exercising the statutory redemption rights of paragraph 13.

The next issue raised by the defendant concerns a possible waiver of the "time is of the essence" clause of the contract. Defendant contends that plaintiffs' acceptance of the March 1 payment on March 5 or 6 constitutes a waiver of plaintiffs' right to require strict compliance as to future payments. The case of *Kirkpatrick v. Petreikis* (1976), 44 Ill. App. 3d 575, 577, 358 N.E.2d 679, held that once the seller had waived the time of the essence provision, it could only be reinstated by notice to the buyer that strict compliance would be required in the future. However, in the Illinois cases where the court found that acceptance of late payments indicated a waiver of the time of the essence clause, the parties' course of conduct had covered a number of years. See *Fox v. Grange* (1913), 261 Ill. 116, 103 N.E. 576 (five years); *Hill v. Alber* (1913), 261 Ill. 124, 103 N.E. 612 (three years); *Lang v. Parks* (1960), 19 Ill. 2d 223, 166 N.E.2d 10 (four years); *Kirkpatrick* (three years).

The general rule, as articulated in Annot., 9 A.L.R. 996 (1920), is that acceptance of a single late payment does not constitute a waiver of timeliness as to subsequent payments. What is required is a course of conduct which indicates to the buyer that the seller is not relying upon the time-of-essence clause. Here there has clearly been no such course of conduct and thus there has been no waiver of the timeliness requirement.

Finally the defendant argues that he should now be allowed to exchange the full contract price plus costs in exchange for a deed to the property in question. The trial court order gave defendant 30 days in which to tender the total balance of the purchase price in exchange for title to the real estate. In addition the order noted that payment of the balance of the purchase price would have been sufficient to cure the contract breach. Defendant was apparently unable to meet this deadline. Defendant claims he is presently willing and able to tender the full balance of the purchase price plus costs and attorney's fees in exchange for a deed to the property.

We find that it would be improper for this court to grant the defendant a specified time to cure the default. To grant this remedy now would amount to a finding that the trial court's time frame was erroneous or insufficient. If defendant wanted more time to raise the money, he should have asked the trial court for an extension in his post-trial motion. To allow an extension at this point would undermine the finality of the trial court's order without any contention or showing that the 30 days was arbitrary or incorrect. The defendant failed to either avail himself of the 30-day grace period provided by the trial court or to directly challenge that portion of the order. Even assuming that Supreme Court Rule 366 (Ill. Rev. Stat. 1977, ch. 110A, par. 366) grants us the authority to fashion such a remedy, we do not believe the facts of this case present a proper basis for application of this rule.

We hold that the defendant is barred from exercising redemption rights under the forcible entry and detainer act, that the plaintiff has not waived the "time is of the essence" requirement, and that the defendant is not now entitled to an extension of time to cure his default. Therefore we affirm the judgment of the court below.

Affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.