Esther JESZ, Plaintiff and Appellee,

v.

Curtis A. GEIGLE, Defendant
and Appellant,

and

The United States of America acting
through the Farmers Home Admin-
istration, Defendant and Appellee.

Civ. No. 10123.

Supreme Court of North Dakota.

May 20, 1982.

Walter M. Lipp, McClusky, for defendant
and appellant Curtis A. Geigle.

William F. Lindell, Washburn, for plain-
tiff and appellee Esther Jesz.

Gary Annear, Asst. U. S. Atty., Fargo,
for defendant and appellee United States of
America acting through the Farmers Home
Administration. Not argued or briefed on
appeal.

PAULSON, Justice.

Curtis A. Geigle appeals from the judg-
ment of the District Court of McLean Coun-
ty canceling a contract for deed and grant-
ing a one-year redemption period. We af-
firm.

On February 5, 1976, Esther Jesz sold
certain real property located in McLean
County to Marlo J. Jesz and Sandra L. Jesz,
husband and wife, on a contract for deed,
and they, on May 26, 1978, with the written
consent of Esther Jesz, assigned their inter-
ests under the contract for deed to Curtis
A. Geigle. Under the terms of the contract
for deed, Geigle was to make annual pay-
ments of $5,267.00 to Esther Jesz. Geigle
paid the first annual installment on Decem-
ber 1, 1979. Due to crop failure caused by
bad weather during the growing season of
1980, Geigle was unable to make the annual
payment which was due on December 1,
1980. On February 26, 1981, Esther Jesz
sent written notice to Geigle and to the
Farmers Home Administration, which held
several mortgages on Geigle's interest in
the property, that she was exercising her
right under the terms of the contract for
deed to declare the entire unpaid balance of
the contract immediately due and payable.

On April 2, 1981, Esther Jesz commenced
this action seeking cancellation of the con-
tract for deed. Geigle, in his answer, ad-

mitted the default, but claimed that there were extenuating circumstances present, i.e., the crop damage caused by bad weather and his inability to secure an emergency loan from the Farmers Home Administration in time to make the annual payment. Geigle requested that the court allow him to make the past due annual payment and thereby reinstate the contract.

The district court granted Esther Jesz's motion for summary judgment, and ordered the contract for deed canceled. The court also granted Geigle and the Farmers Home Administration a one-year period to redeem the property by paying the balance due, which at the time of entry of the judgment was $48,089.12, plus $6,169.12 in accrued interest.

Geigle has appealed from the district court judgment, claiming that the court erred as a matter of law when it canceled the contract for deed without allowing Geigle to reinstate the contract by paying the overdue payment with interest. In its memorandum opinion, the trial court stated:

> "The default having been admitted, the sole issue before the court is one of law, i.e., what the period of redemption should be in this matter."

Geigle argues that the court incorrectly interpreted the law, and that the court could have, under its equity powers, allowed Geigle to pay the delinquent annual installment and reinstate the contract.

■ We believe that the district court was correct in stating that, under the facts presented in this case, the only issue before it was the length of the redemption period. Geigle admitted the default, and failed to raise one of the traditional equitable defenses (i.e., estoppel, laches, unclean hands, etc.). Geigle did not assert any wrongdoing or iniquitous conduct on the part of Esther Jesz. Under the circumstances, the district court had no choice but to cancel the contract. *Kincaid v. Fitzwater*, 257 Or. 170, 174–175, 474 P.2d 742, 744 (1970).

Geigle argues that this court has previously held that a court in equity may reinstate a contract for deed upon payment of the overdue amount. In his own words from his brief, Geigle contends that he is not asking "for some type of relief that has never been granted in other cases". However, upon a close examination of the cases cited by Geigle, it is apparent that Geigle is indeed asking for a form of relief which this court has never approved.

Geigle cites *Ryan v. Bremseth*, 48 N.D. 710, 186 N.W. 818 (1922), as a case in which this court allowed a party to make an overdue payment and reinstate a contract for deed. However, in *Ryan*, there was no indication that the vendor declared the balance of the indebtedness immediately due. In fact, there was no indication that the contract for deed in that case contained an acceleration clause.

Geigle specifically points to the following language in *Ryan, supra* 48 N.D. at 718–719, 186 N.W. at 822, in support of his argument:

> "However, we are of the opinion that the defendant should be accorded, upon equitable principles, a further time beyond that allowed by the trial court within which to make good the defaults found. . . . The plaintiff has sought the aid of equity, and the plaintiff must, and this court should, as far as the present record will permit, accord to the defendant equity. . . . Accordingly, the plaintiff is not in a position to complain if equity affords an opportunity to make good the defaults found."

Although in *Ryan* the court did allow the vendee to make his overdue payments and reinstate the contract, there is a crucial distinction between that case and the situation presented in the instant case. Here, Esther Jesz has accelerated the debt under the contract for deed, and the amount of default is the entire unpaid balance of the contract. In *Ryan*, because the debt had not been accelerated, the amount in default was only the total of the missed payments. Thus, the district court in the instant case has allowed Geigle an opportunity "to make good the defaults found" by granting a one-year period within which to pay the entire outstanding balance due under the contract.

In a markedly similar case, *Kincaid v. Fitzwater, supra* 257 Or. at 174–175, 474 P.2d at 744, the Supreme Court of Oregon reached the same result as we do in this case:

"This case is controlled by our decision in *Blondell v. Beam*, 243 Or. 293, 298, 413 P.2d 397, 399 (1966), where we said that:

" '. . . Where, as in the instant case, the contract provides for strict foreclosure in the event of a default by the vendees, the contract contains a time-essence clause, the default is material and has not been waived, the plaintiff is entitled to foreclosure in some form as a matter of right. The limit of discretion of a court of equity in such a case is in the determination of the form foreclosure shall take, i.e., strict foreclosure or foreclosure and judicial sale.'

"We cannot add anything to what we said in *Blondell v. Beam*, supra. The defendants contracted to pay the taxes before they became delinquent. They had no right to harass plaintiffs by consistently failing to comply with the contract. Since defendants chose to breach the contract, plaintiffs were entitled to exercise the remedies provided therein. Neither the trial court nor this court has any authority to modify the contract for either party.

"Defendants argue that the trial court had the power to reinstate the contract upon payment of all delinquent payments, including taxes and to dismiss the suit. They rely on *Marquardt v. Fisher et al.*, 135 Or. 256, 295 P. 499 (1931) and *Atkochunas v. Gustafson*, 156 Or. 126, 66 P.2d 1192 (1937), in both of which the decree required payment only of the amounts due when the decree was entered. However, an examination of the briefs and abstracts of record in those cases shows that in both the contract of sale did not contain an acceleration clause. Under those circumstances the court could hardly require payment of more than the amount due at the time the decree was entered. Neither *Marquardt* nor *Atkochunas* apply to this case."

The above implies that when a contract contains an acceleration clause and it is exercised the court has no choice. We need not reach that issue because of the equities in this case. The parties in this case have expressly made time of the essence in performance of the contract for deed. Under the facts of this case the court is not required to overlook the express agreement of the parties and allow Geigle to reinstate the contract by making his annual payment several months after it became due. The general rule in this area, as stated in 77 Am.Jur.2d, *Vendor and Purchaser* § 73 (1975), is:

"Most courts agree that time may be expressly made of the essence of the contract, and where this is done it is binding on the parties not only at law but in equity as well. A court of equity is not at liberty to disregard the contract of the parties in this respect where deliberately made and clearly expressed, for equity follows the law and will neither make a new contract for the parties nor violate that into which they have freely and advisedly entered. Therefore, as regards the vendor's right to enforce the contract, the time for the delivery of the deed may be made of the essence of the contract, and the time for the payment of the purchase money, if expressly made of the essence of the contract, is so recognized in a court of equity, and compliance therewith may be made essential to the right of the purchaser to compel the vendor to convey, and where such is the case a court of equity will not, as a general rule, interfere to relieve the purchaser from the consequence of his default."

We therefore conclude that, under the equities presented in this case, the district court was correct in stating that the only issue before the court was the proper length of the redemption period. The trial court was not required to provide the remedy which Geigle requested and did not act improperly by canceling the contract and setting a redemption period in light of the competing equities in this case.

The judgment of the district court is affirmed. Costs on appeal are assessed against the appellant.

ERICKSTAD, C. J., and SAND, VANDE WALLE and PEDERSON, JJ., concur.