Ingvold **SHERVOLD** and Eva Shervold,
Plaintiffs and Appellants,

v.

Lawrence E. **SCHMIDT**, Defendant
and Appellee.

Civ. No. 10778.

Supreme Court of North Dakota.

Dec. 28, 1984.

362

Bruce R. Montgomery, of Teevens, Johnson & Montgomery, Minot, for plaintiffs and appellants.

Orlin W. Backes, of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant and appellee.

VANDE WALLE, Justice.

Ingvold Shervold and Eva Shervold appealed from the judgment of the district court of Ward County permitting Lawrence Schmidt to bring a contract for deed current within 30 days from entry of judgment and from an order denying a new trial in an action for cancellation of a contract for deed. We affirm.

On July 22, 1976, Lawrence E. Schmidt and Marie Schmidt (now deceased) purchased a parcel of land by contract for deed for $12,000 from Ingvold and Eva Shervold. Under the terms of the contract for deed the Schmidts paid $500 as a down-payment and agreed to tender monthly payments of $100.63 to the Shervolds commencing on September 1, 1976. The contract for deed included a default clause wherein the parties stated that time is the essence of the agreement.

The Schmidts established an erratic schedule of payments starting in September of 1976 through April of 1983. The Schmidts made early as well as late monthly payments and in amounts varying from $100 to $503.15. The Shervolds accepted each payment whether made early or late until April of 1983.

Lawrence Schmidt's wife, Marie Schmidt, died on July 19, 1983. On July 28, 1983, the Shervolds orally notified Lawrence that he was delinquent in payments. The Shervolds demanded payment of the total amount due and owing under the contract for deed.

In response to the notice of delinquency in payments Lawrence Schmidt requested an accounting of the payments made by Marie Schmidt and tendered $503.15 to the Shervolds. The Shervolds accepted that payment. Lawrence Schmidt claimed that he was unaware of the delinquency in payments because Marie Schmidt had always taken responsibility for making the monthly payments. Lawrence told the Shervolds that he desired to correct the default and wanted to bring the contract for deed current.

In August of 1983, the Shervolds initiated suit for cancellation of the contract for deed. Lawrence made two additional payments of $905.67 and $402.52. The Shervolds refused to accept either of these payments and returned the checks to Lawrence Schmidt.

The Shervolds proceeded with their cancellation action by moving the trial court for summary judgment to cancel the contract for deed on the basis of the default provision in the instrument. The Shervolds claimed that because the Schmidts had been delinquent in making payments, the contract for deed was void by its terms. The Shervolds contended that the only recourse available to Lawrence Schmidt was for him to pay the total amount due and owing under the contract for deed. The Shervolds claimed that Lawrence Schmidt had not paid the total amount due, and therefore the court should cancel the contract for deed on the basis of equity.

In denying the Shervolds' motion for summary judgment, the trial court found that the Shervolds had accepted numerous late payments and that the Shervolds' conduct established a course of dealing inconsistent with the Shervolds' insistence on strict performance of the contract for deed. The trial court determined that it would be inequitable to declare a cancellation of the land contract. Thus the court held that under Section 32–18–04, N.D.C.C., Law-

rence Schmidt was entitled to make payments to bring the contract current and that by doing so the contract for deed would be reinstated and would remain in full force. The court ordered that Lawrence Schmidt could bring the contract current within 30 days from the entry of judgment on the court's order and that the Shervolds must accept all payments tendered by Lawrence Schmidt that would bring the contract current.

The Shervolds contend on appeal that the trial court abused its discretion by not granting their request to cancel the contract for deed. The parties agree that the issue presented is whether a court, in an equitable action for cancellation of a contract for deed, has the option to allow the vendee to bring the contract current or whether the court has to set a redemption period during which time the entire balance due on the contract for deed would have to be paid in order to redeem.

█ The general principles which govern the determination of this appeal are well settled. Cancellation of a contract for deed by action is an action in equity and the trial court is required to base its decision on equitable principles. *Schumacher Homes, Inc. v. J & W Enterprises,* 318 N.W.2d 763 (N.D.1982); *Funderburg v. Young,* 68 N.D. 481, 281 N.W. 87 (1938); *Raad v. Grant,* 43 N.D. 546, 169 N.W. 588 (1918). Where a trial court exercises its discretion after weighing the equities of the case, we will not interfere unless an abuse of discretion is affirmatively established. *Zimmerman v. Campbell,* 245 N.W.2d 469 (N.D.1976). See *Wolf v. Anderson,* 334 N.W.2d 212 (N.D.1983); *Klitzke v. Klitzke,* 308 N.W.2d 385 (N.D. 1981). We have said that a trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *O'Connor v. Northern States Power Co.,* 308 N.W.2d 365 (N.D.1981). We find nothing in the record before us to indicate that the trial court acted in such a manner.

█ It is an often-stated principle of equity that time is not usually considered the essence of land-sale contracts unless specifically expressed to be so in the contract or necessarily implied as such. See *Menke v. Foote,* 199 Neb. 800, 261 N.W.2d 635 (1978); 77 Am.Jur.2d, *Vendor and Purchaser,* § 72 (1975). Here, the parties expressly agreed that time was the essence in the performance of the contract for deed.

█ It is well established that a vendor may waive, as to default on any installment, the provision of the contract making time the essence of the agreement. *Fargusson v. Talcott,* 7 N.D. 183, 73 N.W. 207 (1897); *Miller v. Smith,* 276 Mich. 372, 267 N.W. 862 (1936). See *Lang v. Todd,* 148 Neb. 726, 28 N.W.2d 434 (1947); *Ricchio v. Oberst,* 76 Wis.2d 545, 251 N.W.2d 781 (1977). Any conduct or statement by the vendor that induces the vendee to believe that the vendor will not require strict adherence to the terms of the contract will be held to be a waiver. *Lessell v. Goodman,* 97 Iowa 681, 66 N.W. 917 (1896). See *Sadler v. Ballantyne,* 268 N.W.2d 119 (N.D.1978); *Smith v. Christofalos,* 74 Ill. App.3d 204, 30 Ill.Dec. 101, 392 N.E.2d 756 (1979); *Heinzman v. Howard,* 348 N.W.2d 147 (S.D.1984); *Angus Hunt Ranch, Inc. v. Reb, Inc.,* 577 P.2d 645 (Wyo.1978). The doctrine of estoppel may apply where late payments are accepted by the vendor more than once without objection, such conduct being inconsistent with the time-is-the-essence clause. See *Heinzman v. Howard, supra.* Compare *Jesz v. Geigle,* 319 N.W.2d 481 (N.D.1982). After the vendor has repeatedly received late payments and thus waived the vendee's obligation for strict compliance with the time-is-the-essence clause, he cannot obtain forfeiture of the contract unless he gives the vendee preliminary warning that strict compliance with the contract will be insisted upon in the future. *Kirkpatrick v. Petreikis,* 44 Ill.App.3d 575, 3 Ill.Dec. 281, 358 N.E.2d 679 (1976). See 77 Am.Jur.2d, *Vendor and Purchaser,* § 81 (1975). After the vendor gives the vendee notice of his intention to insist upon strict compliance with the terms of the contract, he must additionally provide the vendee with a reasonable time

within which to perform or cure defaults. *Bettis v. Bettis,* 228 N.W.2d 193 (Iowa 1975); *Heinzman v. Howard, supra; Angus Hunt Ranch, Inc. v. Reb, Inc., supra.* See 2 Am.Jur. *Proof of Facts 2d* p. 137 (1974). Once the vendor has given the required notice the vendee must comply strictly in the future with the terms of the contract concerning payment dates. See 77 Am.Jur.2d, *Vendor and Purchaser,* § 81 (1975).

In *Jesz v. Geigle, supra,* a vendor in a land-sale contract was granted cancellation of a contract for deed which contained a clause stating that time was the essence of the agreement. The vendee argued that the trial court committed error by not allowing him to make the delinquent installment and thus reinstate the contract.

For purposes of our discussion, three key facts distinguish *Jesz* from the case at bar. First, the vendee in *Jesz* failed to raise any of the traditional equitable defenses, i.e., estoppel, laches, clean hands, etc., in the cancellation action. In this case, Lawrence Schmidt did raise the equitable defenses of waiver and estoppel.

Second, in *Jesz* the contract for deed contained an acceleration clause. The vendor had accelerated the debt and the amount of default was the entire unpaid balance of the contract. We distinguished our decision in *Ryan v. Bremseth,* 48 N.D. 710, 186 N.W. 818 (1922), by noting that in *Ryan* the debt had not been accelerated under the contract for deed and the amount in default was only the total of the missed payments. Thus in *Ryan* we held that the trial court had properly allowed the vendee to make his overdue payments and reinstate the contract.

Finally, in *Jesz* the court noted that it did not decide whether or not a contract must be cancelled in those instances in which the contract contains an acceleration clause and it is exercised because in *Jesz* the parties had expressly made time the essence in performance of the contract for deed. In this instance, of course, time is not the essence of the contract for deed because, as the trial court noted, the Sher-

volds' conduct in accepting numerous late payments established a course of dealing inconsistent with the Shervolds' insistence on strict performance of the contract for deed.

Thus, in *Jesz,* we determined that under the circumstances, in which no equitable defenses were raised, the debt was accelerated according to the terms of the contract, and time was the essence of the contract, the trial court had no choice but to cancel the contract for deed.

In the case at bar we conclude that, in light of the equities presented, the trial court was correct in its determination that the Shervolds' actions in accepting late payments were inconsistent with the terms of the contract and that it would be inequitable to declare a cancellation of the contract for deed. We further conclude that here, where the contract for deed did not contain an acceleration clause and time no longer was the essence of the contract, the trial court acted within the scope of its equitable discretion by allowing Lawrence Schmidt to make payments to bring the contract current, thus reinstating the contract for deed.

The judgment denying the motion for summary judgment and the order denying the motion for a new trial are affirmed.

ERICKSTAD, C.J., and PEDERSEN and GIERKE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.